UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 16-cv-20725-GAYLES

**OTTO CANDIES, LLC, et al.,**

    **Plaintiffs,**

v.

**CITIGROUP, INC.,**

    **Defendant.**

                                          /

## ORDER

**THIS CAUSE** comes before the Court on Defendant Citigroup, Inc.'s, Motion to Dismiss the Amended Complaint (the "Motion") [ECF No. 80]. The Court held a hearing on the Motion on November 29, 2017. The Court has carefully considered the Amended Complaint ("Complaint"), the record, and the applicable law and is otherwise fully advised. For the reasons that follow, the Motion is granted.

**I.    BACKGROUND**

This action involves a purported fraudulent scheme carried out by Citigroup, Inc. ("Citigroup" or "Defendant"), and other alleged conspirators who have not been sued in this action. The bulk of the fraudulent acts in this purported scheme occurred in Mexico. The majority of the key players in the fraudulent scheme are based in, and engaged in business in, Mexico.

    **A.    The Parties**

Defendant Citigroup is a U.S.-based banking and financial institution incorporated in

Delaware with its principal place of business in New York, New York. Plaintiffs[1] are a diverse group of entities including shipping companies, investment funds, and a bank, located all over the world including in the United States, Mexico, the Caribbean, South America, Europe, and the

---

[1] Otto Candies, LLC;
Candies Mexican Investments S. de R.L. de C.V.;
Calvi Shipping C.V.;
Blue Marine Shipping II, S.A. de C.V.;
Ocean Mexicana, S.A. de C.V.;
Coastline Maritime Pte. Ltd.;
Marfield Ltd. Inc.;
Shanara Maritime International, S.A.;
Gulf Investments and Services Ltd.;
Halani International Ltd.;
Shipyard De Hoop B.V.;
Hoop Lobith International B.V.;
Maquinas Diesel S.A. de C.V.;
Nordic Trustee ASA;
EIG Management Company, LLC;
EIG Global Project Fund II, Ltd.;
ICE 1 EM CLO Limited;
ICE Global Credit (DCAM) Master Fund Limited;
ICE Focus EM Credit Master Fund Limited;
ICE Global Credit Alpha Master Fund Limited;
ICE Oryx Alpha Master Fund Limited;
Waypoint Asset Management LLC;
Ashmore Emerging Markets Corporate High Yield Fund Limited;
Ashmore Emerging Markets High Yield Plus Fund Limited;
Ashmore Emerging Markets Tri Asset Fund Limited;
Ashmore Emerging Markets Debt and Currency Fund Limited;
Ashmore Emerging Markets Special Situations Opportunities Fund Limited Partnership, acting through its general partner, Ashmore Emerging Markets Special Situations Opportunities Fund (GP) Limited;
Ashmore SICAV in respect of Ashmore SICAV Emerging Markets Debt Fund;
Ashmore SICAV in respect of Ashmore SICAV Emerging Markets High Yield Corporate Debt Fund;
Copernico Capital Partners (Bermuda) Ltd.;
Larrain Vial S.A. Sociedad Administradora de Fondos de Inversion;
Moneda International Inc.;
Moneda Latin American Corporate Debt;
Padstow Financial Corp.;
Moneda S.A. Administradora General de Fondos;
Moneda Deuda Latinoamericana Fondo de Inversion;
Moneda Renta CLP Fondo de Inversion;
Cooperative Rabobank U.A.

Middle East. Plaintiffs bring this action as vendors, creditors, and bondholders of Oceanografía S.A. de C.V. ("OSA"), a now bankrupt Mexican oil and gas services company. Petróleos Mexicanos S.A. de C.V. ("Pemex") is Mexico's state-owned oil and gas company and, at one time, one of the largest customers of OSA's offshore drilling services. Banco Nacional de México ("Citibanamex" or "Banamex") is Citigroup's wholly-owned Mexican subsidiary. Plaintiffs bring this action to recover the losses sustained from their investments and business dealings with OSA.

### B. The Alleged Cash Advance Scheme

According to the Complaint, Citigroup, through its Mexican subsidiary Citibanamex, established a credit facility for OSA and provided it with hundreds of millions of dollars in cash advances. OSA allegedly used the cash advances to fund its ongoing projects with Pemex. Citigroup charged OSA substantial interest on every cash advance. In addition, Citigroup entered into an agreement whereby it was guaranteed repayment of the cash advances directly from Pemex. Because repayment was guaranteed by Pemex, *i.e*., the Mexican government, Plaintiffs allege that Citigroup, through or in conjunction with Citibanamex, repeatedly increased OSA's cash advance limit in order to earn millions in risk-free profit.

Plaintiffs assert that because of the payment guarantee with Pemex, Citigroup advanced amounts to OSA that Citigroup knew greatly exceeded any amount OSA could earn under its service contracts with Pemex. Plaintiffs allege that Citigroup's continued cash injections into OSA resulted in OSA's financials appearing more "rosy" to outside investors, such as Plaintiffs. In addition, Plaintiffs allege Citigroup made false representations regarding the financial health of OSA in order to deceive Plaintiffs into believing that OSA was a financially attractive company for investment. Citigroup's misrepresentations allegedly lured Plaintiffs into extending credit and making investments in OSA, which in turn allowed OSA to continue to seek cash

3

advances from Citigroup, which in turn allowed Citigroup to collect its risk-free profit.

In the Complaint, Plaintiffs assert the following claims against Citigroup: Violation of RICO, 18 U.S.C. §1962(c); Conspiracy to Violate RICO, 18 U.S.C. §1962(d); Common Law Fraud; Aiding and Abetting Fraud; Conspiracy to Commit Fraud; Common Law Fraud (only by Plaintiffs Rabobank and Blue Marine); and Breach of Fiduciary Duty (only by Plaintiffs Rabobank and Blue Marine).

Citigroup has moved to dismiss this action on *forum non conveniens* grounds, contending that Mexico is the more appropriate forum. Alternatively, Citigroup seeks dismissal of each count under Federal Rules of Civil Procedure 9(b) and 12(b)(6) for failure to state a claim.

## II. FORUM NON CONVENIENS

### A. *Legal Standard*

"Under the doctrine of *forum non conveniens*, a district court has the inherent power to decline to exercise jurisdiction even when venue is proper," *Jiangsu Hongyuan Pharm. Co. v. DI Glob. Logistics, Inc.*, 159 F. Supp. 3d 1316, 1322 (S.D. Fla. 2016) (citation omitted), *appeal dismissed*, No. 16-10781 (11th Cir. May 9, 2016), "on the ground that a court abroad is the more appropriate and convenient forum for adjudicating the controversy," *Sinochem Int'l Co. v. Malay. Int'l Shipping Corp.*, 549 U.S. 422, 425 (2007). To obtain dismissal for *forum non conveniens*, the moving party must demonstrate that (1) an adequate alternative forum is available; (2) the relevant private interest factors favor the alternative forum, weighing in the balance a strong presumption against disturbing a plaintiff's initial forum choice; (3) if the balance of private interests is at or near equipoise, the relevant public interest factors favor the alternative forum; and (4) the plaintiff can reinstate its suit in the alternative forum without undue inconvenience or prejudice. *Aldana v. Del Monte Fresh Produce N.A., Inc.*, 578 F.3d 1283, 1288 (11th Cir. 2009).

Although a court may consider matters outside the pleadings in ruling on a motion to

dismiss based on *forum non conveniens*, if it rules on the motion without an evidentiary hearing, it must draw all reasonable inferences and resolve all factual conflicts in favor of the plaintiff. *See Jiangsu*, 159 F. Supp. 3d at 1322.

    **B.**    *Discussion*

        **1.**    **Adequacy and Availability of the Alternative Forum**

The first factor in the *forum non conveniens* analysis involves two inquiries, each of which "warrant[s] separate consideration." *Leon v. Millon Air, Inc.*, 251 F.3d 1305, 1311 (11th Cir. 2001). The Court must determine whether the alternative forum is "adequate" and whether the alternative forum is "available." *Aldana*, 578 F.3d at 1290.

            *a.*    *Adequacy*

"An alternative forum is adequate if it provides for litigation of the subject matter of the dispute and potentially offers redress for plaintiffs' injuries." *King v. Cessna Aircraft Co.*, 562 F.3d 1374, 1382 (11th Cir. 2009) (per curiam). "An adequate forum need not be a perfect forum." *Satz v. McDonnell Douglas Corp.*, 244 F.3d 1279, 1283 (11th Cir. 2001). Rather, an "alternative forum will be considered adequate so long as it could provide some relief for the plaintiffs' claims," even if the foreign forum is less favorable to the plaintiffs than the current forum. *Tyco Fire & Sec., LLC v. Alcocer*, 218 F. App'x 860, 865 (11th Cir. 2007); *see also DTEX, LLC v. BBVA Bancomer, S.A.*, 508 F.3d 785, 796 (5th Cir. 2007) ("A foreign forum is adequate when the parties will not be deprived of all remedies or treated unfairly, even though they may not enjoy . . . all the benefits of an American court . . . ."). An alternative forum is inadequate "if the remedy provided by th[at] alternative forum is so clearly inadequate or unsatisfactory that it is no remedy at all." *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 252 (1981). But it is only in "rare circumstances" that "the remedy offered by the forum [is so] clearly unsatisfactory" that the alternative forum would be considered inadequate. *Aldana*, 578 F.2d at 1290.

5

In support of a finding of adequacy, Citigroup has proffered a declaration of Dr. Oscar Cruz Barney ("Dr. Cruz"), an attorney and law professor in Mexico, as an expert on Mexican law. Dr. Cruz's declaration provides an in-depth overview of the Mexican legal system and applicable substantive and procedural law. *See generally* Cruz Decl. [ECF No. 82]. He attests that Mexican law permits joint lawsuits involving commercial disputes sounding in tort, contract, and fraud, and provides remedies for plaintiffs that prevail in such lawsuits. *See id.* ¶¶ 13-24. Plaintiffs do not contend that any of Dr. Cruz's attestations are incorrect or that he has mischaracterized or erroneously described the Mexican legal landscape. Instead, they rely on an unpublished district court decision finding that Colombia was an inadequate forum in a wholly distinguishable case. *See In re Chiquita Brands Int'l, Inc. Alien Tort Statute and S'holder Derivative Litig.,* No. 08-md-01916 (S.D. Fla. Nov. 28, 2016) [ECF No. 1194].[2] Plaintiff's reliance on *In re Chiquita Brands* is misplaced as the security issues present in that case have no bearing on whether Mexico is an adequate forum in *this* case. As a result, Plaintiffs fail to rebut Dr. Cruz's declaration.

The Plaintiffs also proffer a declaration of their own expert, Dr. Francisco Gonzalez de Cossio ("Dr. Gonzalez"), who attests that litigating a similar case in Mexico, with appeals, "could take approximately 15 years, if not longer." *See* Gonzalez Decl. [ECF No. 85-1] ¶ 67. Dr. Gonzalez arrives at his conclusion by taking the average number of days Mexican courts took in 2015 to decide an *amparo* (a collateral appeal that can be filed against any court decision)—ninety-nine days, excluding appeals of those decisions—and multiplying that number by the number of *amparos* he estimates could be filed in this litigation—fifty. *See id.* ¶ 68. The Court

---

2 *In re Chiquita Brands* involved claims by the families of victims who were murdered by paramilitary and guerilla groups in Colombia in an alleged conspiracy to suppress labor unrest in the banana industry. The court found that Colombia was an inadequate forum due to the significant possibility that plaintiffs would be severely harmed by members of the paramilitary groups if the case was brought in Colombia. *Id.* at 6-11.

finds Dr. Gonzalez's estimate unpersuasive. Dr. Gonzalez fails to substantiate the premises underlying his conclusion—that *amparos* are filed consecutively, not concurrently, and that they are decided one at a time. *See* Supp. Cruz Decl. [ECF No. 92] ¶¶ 26-27.

"[W]hile defendants do have the 'ultimate burden of persuasion' to establish adequacy, they bear this burden *only* where the plaintiff *substantiates* its allegations of . . . delay." *Jiangsu*, 159 F. Supp. 3d at 1330. In *Leon*, the Eleventh Circuit explained that if a plaintiff proffers "*significant* evidence documenting the . . . delay (in years) typically associated with the adjudication of similar claims, and these conditions are so severe to call the adequacy of the forum into doubt, then the defendant has the burden to persuade the [court] that the facts are otherwise," but where a plaintiff's allegations are insubstantially supported, the court is "free to reject them without considering any evidence from defendants." *Leon,* 251 F.3d at 1312 (emphasis added). Plaintiffs fail to proffer such significant evidence to support a claim that serious delays would render Mexico an inadequate forum.[3]

In addition, the Court notes that all of the Plaintiffs are currently pursuing various bankruptcy and breach of contract related claims in Mexico that involve substantially the same parties and events that are the subject of this action. *See* Am. Compl. [ECF No. 72] ¶¶ 113-114, 250-252; *see also Banco Latino v. Gomez Lopez,* 17 F. Supp. 2d 1327, 1332 (S.D. Fla. 1998) (noting that parallel proceedings lend support to a finding that the alternative forum is adequate).

---

3 The Court also notes that numerous federal courts, including this one, have found that Mexico is an adequate forum for all manner of litigation, including the claims at issue in this action. *See Ballard v. Maco Caribe, Inc.*, No. 14-21670, 2014 WL 4723144, at *2 (S.D. Fla. Sept. 23, 2014) ("Mexico has frequently been found to provide an adequate alternative forum."); *Ochoa v. Empresas ICA, S.A.B. de C.V.*, 11-23898-CIV, 2013 WL 5674697, at *5 (S.D. Fla. Oct. 17, 2013), *aff'd sub nom. Ochoa v. Empresas ICA, S.A.B. DE CV*, 600 F. App'x 725 (11th Cir. 2015) (finding Mexico to be an adequate forum in a civil RICO action); *see also, e.g.*, *Republic of Panama v. BCCI Holdings (Lux.) S.A.*, 119 F.3d 935, 952 (11th Cir. 1997) (holding that "a plaintiff's inability to assert a RICO claim in [a] foreign forum does not preclude *forum non conveniens* dismissal").

The Court, therefore, finds that Mexico is an adequate forum for Plaintiffs' claims.

### b. *Availability*

An alternative forum is "available" to a plaintiff "when the foreign court can assert jurisdiction over the litigation sought to be transferred." *Leon*, 251 F.3d at 1311. This requirement will ordinarily be satisfied "when the defendant is 'amenable to process' in the other jurisdiction." *Piper Aircraft*, 454 U.S. at 254 n.22. Whether Mexico is an available alternative forum is a simple inquiry in this instance. Citigroup has stipulated that it will (1) be amenable to suit in Mexico; (2) submit to the jurisdiction of a Mexican court; (3) waive statute of limitations defenses; and (4) be bound by a final judgment entered by a Mexican court. *See* [ECF No. 80, at p.10]. These stipulations suffice to allow the Court to deem Mexico an available forum. *See Tazoe v. Airbus S.A.S.*, 631 F.3d 1321, 1330 (11th Cir. 2011).

### 2. Private Interest Factors

The Court must next consider the private interest factors. "Pertinent private interests of the litigants include relative ease of access to evidence in the competing fora, availability of witnesses and compulsory process over them, the cost of obtaining evidence, and the enforceability of a judgment." *Pierre-Louis v. Newvac Corp.*, 584 F.3d 1052, 1056 (11th Cir. 2009) (citation omitted). In weighing the private interest factors, the Court must bear in mind that "[a] defendant invoking *forum non conveniens* ordinarily bears a heavy burden in opposing the plaintiff's chosen forum," but "[w]hen the plaintiff's choice is not its home forum . . . the presumption in the plaintiff's favor 'applies with less force.'" *Sinochem*, 549 U.S. at 430 (quoting *Piper Aircraft*, 454 U.S. at 255-56).[4]

---

4 "[F]ederal courts, in the *forum non conveniens* context, do not focus on the connection between the case and a particular state, but rather on the connection of the case to the United States as a whole." *Esfeld v. Costa Crociere, S.P.A.*, 289 F.3d 1300, 1303 (11th Cir. 2002).

Given that the presumption in favor of a plaintiff's initial forum choice "is at its strongest when the plaintiffs are citizens, residents or corporations of this country," the Eleventh Circuit in such cases requires "positive evidence of unusually extreme circumstances and thoroughly convince [the court] that material injustice is manifest before ousting a domestic plaintiff from this country's courts." *SME Racks, Inc. v. Sistemas Mecanicos Para Electronica, S.A.*, 382 F.3d 1097, 1101-02 (11th Cir. 2004). That said, "dismissal should not be automatically barred when a plaintiff has filed suit in his home forum . . . . [I]f the balance of conveniences suggests that trial in the chosen forum would be unnecessarily burdensome for the defendant or the court, dismissal is proper." *Wilson v. Is. Seas Invs., Ltd.*, 590 F.3d 1264, 1270 (11th Cir. 2009) (quoting *Piper Aircraft*, 454 U.S. at 255 n.23). Of the over three dozen Plaintiffs in this action, only two—Otto Candies, LLC, and Waypoint Asset Management LLC—are U.S.-based companies.[5] Therefore, in the Court's analysis, the U.S.-based Plaintiffs' choice of forum will receive the presumption outlined above; but the foreign Plaintiffs' will not. *See King*, *supra*, 562 F.3d at 1383 (holding that the district court did not abuse its discretion by simultaneously according less deference to European plaintiffs' choice of forum and more deference to American plaintiffs' choice of forum).

In addition, while courts usually afford deference to a domestic plaintiff's choice of forum, when "an American plaintiff chooses to invest in a foreign country and then complains of fraudulent acts occurring primarily in that country, the plaintiff's ability to rely upon citizenship

---

5 On May 3, 2017, the Court issued an order requiring these two Plaintiffs to file a statement that details the identities and citizenships of the members of each company, in keeping with the Eleventh Circuit's instruction that "a limited liability company is a citizen of any state [or country] of which a member of the company is a citizen." *Rolling Greens, MHP, L.P. v. Comcast SCH Holdings, L.L.C.*, 374 F.3d 1020, 1022 (11th Cir. 2004); *see also* [ECF No. 105]. The Plaintiffs filed a sealed document responsive to the Court's Order; the Court has reviewed this document and concludes that both companies are to be considered citizens of the United States for purposes of this analysis.

9

as a talisman against *forum non conveniens* dismissal is diminished." *Warter v. Bos. Sec., S.A.*, 380 F. Supp. 2d 1299, 1314 (S.D. Fla. 2004) (quoting *Sussman v. Bank of Israel*, 801 F. Supp. 1068, 1073 (S.D.N.Y. 1992), *aff'd*, 990 F.2d 71 (2d Cir. 1993)); *EIG Energy Fund XIV, L.P. v. Petroleo Brasileiro S.A.*, 246 F. Supp. 3d 52, 78 (D.D.C. Mar. 30, 2017) (noting that several circuits have held that "the presumption in favor of [a plaintiff's] choice of forum . . . is diminished because [a plaintiff's] decision to invest abroad [puts] them on notice that they might be required to litigate disputes in a foreign forum.") (collecting cases). As this action arises out of *each* Plaintiff's decision to invest in a Mexican company doing business in Mexico, none of the Plaintiffs, whether U.S.-based or foreign, can feign surprise at potentially having to litigate a resulting dispute in Mexico. Therefore, the Court will also apply reduced deference to the U.S.-based Plaintiffs' choice of forum.

### a. *Ease of Access to Evidence and Cost*

The first factor, ease of access to evidence, supports dismissal. As an initial matter, Plaintiffs contend that litigating this case in Mexico would significantly impair the parties' access to evidence because Mexico does not afford the same type of discovery available in the United States. However, their concerns about the limited scope of pretrial discovery are unavailing because it is not necessary that the alternative forum have comparable procedural safeguards. *Banco Latino*, 17 F. Supp. 2d at 1332 (citing *Proyectos Orchimex de Costa Rica, S.A. v. E.I. duPont de Nemours & Co.,* 896 F. Supp. 1197, 1200 (M.D. Fla. 1995)) (dismissal despite lack of extensive pretrial discovery). Nonetheless, Plaintiffs' concerns are belied by their own expert who concedes that there are multiple ways for parties to obtain documentary evidence during Mexican civil proceedings. *See* Gonzalez Decl. [ECF No. 85-1] ¶¶ 39, 45, 54, 60, 63.

With Defendant voluntarily agreeing to submit itself to Mexican jurisdiction, all of the key players in this dispute–OSA, Pemex, Citibanamex, and Citigroup–will be available in Mexico and subject to the jurisdiction of its courts. The presence of all of the key players under the jurisdiction of the Mexican courts means that the parties will not need to resort to the costly and time-consuming process of obtaining documents and testimony through letters rogatory and the Hague Convention as would be required if the case was litigated in the United States. *See Warrick v. Carnival Corp.*, 12-61389-CIV, 2013 WL 3333358, at *7 (S.D. Fla. Feb. 4, 2013) (noting that private interest factors weighed in favor of dismissal where the defendants would have to use the Hague Convention to gather evidence; finding the process "unduly time consuming and expensive.") (citations omitted). Litigation in this forum will also make it more challenging to secure documentary evidence from Mexican sources over which Defendant, and perhaps this Court, does not have control. With all of the relevant players located under the jurisdiction of the Mexican courts, a Mexican court will be better able to resolve discovery disputes, particularly those relating to Mexican bank secrecy laws affecting Citibanamex and government transparency laws affecting Pemex.

Finally, the Court notes that the parties are equally entitled to access to the evidence needed to prosecute and defend their respective cases. Here, Plaintiffs contend that there is little need for any evidence located in Mexico because they intend to prove their case solely on the acts of Citigroup from the United States. On the other hand, Defendant argues that documents and testimony related to the alleged underlying fraud are located in Mexico and critical to establishing its defense. Notwithstanding Plaintiffs' expressed disinterest in obtaining evidence from the key Mexican players in the alleged fraud, Defendant certainly has a right to obtain such evidence for its defense, and those documents and witnesses are all located in Mexico.

In order to assuage Plaintiffs' discovery concerns, the Court will implement the approach taken in *Banco Latino, Satz,* and *Piper Aircraft* and condition dismissal upon Defendant's agreement to make available all relevant documents and witnesses within their control. *Satz,* 244 F.3d at 1283 (noting that the district court conditioned its order of dismissal on the defendant agreeing to conduct all discovery in accordance with the Federal Rules of Civil Procedure and voluntarily producing documents and witnesses within the United States); *Piper Aircraft,* 454 U.S. at 257 (district courts may dismiss subject to the condition that parties agree to comply with reasonable discovery requests); *Banco Latino,* 17 F. Supp. 2d at 1333 (conditioning dismissal upon defendant filing an affidavit with the court agreeing to "make available all relevant documents and witnesses within their control"). Accordingly, the Court finds that these elements weigh in favor of dismissal.

### b. *Availability of Witnesses and Compulsory Process*

Plaintiffs contend that this case solely concerns Citigroup's actions in the United States. Defendant argues that the underlying facts of this case arise out of an alleged fraudulent scheme carried out in Mexico between three Mexican companies. Defendant argues that the main witnesses it needs to challenge Plaintiffs' underlying fraud allegations are the employees of OSA, Pemex, and Banamex, who are all located in Mexico. As Plaintiffs will necessarily be required to establish that the underlying fraud between OSA, Pemex, and Banamex actually occurred, it would be a fiction to accept Plaintiffs' contrary contention that the only witnesses needed to try this case are the U.S.-based employees of Citigroup. The Court believes that Defendant would be severely prejudiced in its ability to defend its case in the United States as it would be unable to compel the attendance of any witnesses located in Mexico and would be forced to defend this case on deposition testimony. The Court finds the opposite to be true as to Plaintiffs since Plaintiffs will not need to compel the attendance of their own witnesses in

Mexico. As the Supreme Court explained in *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501 (1947) the doctrine of *forum non conveniens* should be applied to avoid these situations: "Certainly to fix the place of trial at a point where litigants cannot compel personal attendance and may be forced to try their cases on deposition, is to create a condition not satisfactory to court, jury or most litigants." *Gulf Oil Corp.,* 330 U.S. at 511; *see also Montgomery v. Oberti,* 945 F. Supp. 2d 1367, 1376 (S.D. Fla. 2013) ("given the importance of these witnesses in assessing the disputed factual issues, the Court finds that no adequate substitute exists for the witnesses' live testimony and that the lack of access to this testimony weighs very strongly in favor of dismissal."); *McLane v. Marriott Int'l, Inc.,* 960 F. Supp. 2d 1351, 1360 (S.D. Fla. 2013) (finding that the "private interest factors also strongly weigh in favor of dismissal because the most critical witnesses concerning liability cannot be compelled to testify in this Court"), *aff'd*, 547 F. App'x 950 (11th Cir. 2013). Accordingly, the availability of pertinent witnesses weighs in favor of a Mexican forum.

### c. *Enforceability of Judgment*

This final private interest factor weighs in favor of dismissal as Defendant has expressly stipulated that it will be bound by any judgment entered against it in Mexico. *See* Def. Mot. to Dismiss [ECF No. 80, p.10]; Hr. Tr. [ECF No. 125, p.12]. In addition, the Florida Uniform Out-of-Country Foreign Money-Judgment Recognition Act, §§ 55.601-55.607, Fla. Stat., allows for a judgment entered against Defendant by a Mexican court to be enforced domestically.

### 3. Public Interest Factors

"Relevant public interests include the familiarity of the court(s) with the governing law, the interest of any foreign nation in having the dispute litigated in its own courts, and the value of having local controversies litigated locally." *Pierre-Louis*, 584 F.3d at 1056. The Court finds that the relevant public interest factors weigh in favor of this action being litigated in Mexico. As

stated above, while Citigroup is the only named Defendant in this action, this case involves four primary players, three of which are unquestionably Mexican entities: (1) Citigroup, who is alleged to have acted in part through its wholly-owned Mexican subsidiary Citibanamex; (2) Citibanamex; (3) OSA, a Mexican oil and gas company; and (4) Pemex, a Mexican state-owned oil company. Mexico clearly has a substantial interest in this case being litigated in Mexico as evidenced by the numerous parallel proceedings already underway and the fact that one of the key players in this dispute is owned by the Mexican government. Finally, the Court does not find such meaningful connections between any of the parties and this District that would outweigh the clear interest Mexico has over this litigation.

### 4. Undue Inconvenience or Prejudice

Defendant argues that based on its stipulation to submit to jurisdiction and waive statute of limitations defenses, Plaintiffs can easily reinstate this action in Mexico without undue inconvenience or prejudice. As Plaintiffs do not contest Defendant's representation, the Court finds Defendant's stipulations sufficient to establish that Plaintiffs can reinstate their case in Mexico without undue burden.

## III. CONCLUSION

The Court finds that all of the relevant factors weigh in favor of dismissing this action on *forum non conveniens* grounds.[6] Based on the foregoing, it is **ORDERED AND ADJUDGED** that:

(1) Defendant's Motion to Dismiss [ECF No. 80] is **GRANTED**;

(2) this cause is **DISMISSED** without prejudice to Plaintiffs refiling it in the

---

6 Defendant argues in the alternative that the Amended Complaint be dismissed for failure to state a claim under Federal Rules of Civil Procedure 9(b) and 12(b)(6). Because the Court finds that the *forum non conveniens* issue is dispositive, it will not consider the parties' alternative arguments.

appropriate forum, conditioned on the following:

   a. Defendant shall consent to the jurisdiction of the Mexican courts;

   b. Defendant shall waive all applicable statute of limitations defenses attributable to the delay between the filing of this action and any action initiated by Plaintiffs in Mexico within one (1) year of this Order;

   c. Defendant shall consent to the enforcement of any final Mexican judgement against it as to its assets in Mexico or the United States; and

   d. Defendant shall reasonably make available all relevant documents and witnesses within its control.

This action shall be **CLOSED** for administrative purposes, and all pending motions, are **DENIED as moot**.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 30th day of January, 2018.

_____
DARRIN P. GAYLES
UNITED STATES DISTRICT JUDGE