**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**Miami Division**

**CASE NO. 16-20725-CIV-GAYLES-TORRES**

OTTO CANDIES, LLC, et al.,

      Plaintiffs,

      v.

CITIGROUP INC.,

      Defendant.

**PLAINTIFFS' UNOPPOSED MOTION FOR**
**LEAVE TO AMEND SCHEDULING ORDER**

Plaintiffs respectfully submit this Unopposed Motion for Leave to Amend the Scheduling Order (the "Motion") pursuant to Fed. R. Civ. P. 16.  The Motion seeks to modify one deadline in the Court's August 18, 2025 Scheduling Order: "Joinder of any additional parties and filing of motions to amend the complaint by 10/20/2025."  ECF 223 ¶ 4.  Plaintiffs request that the Court extend the October 20, 2025 deadline to 30 days after the Court rules on Defendant Citigroup, Inc.'s ("Citi's") *Notice of Intervening Case Law* (ECF 225, the "Notice").  Plaintiffs seek no other changes to the Scheduling Order, nor will the requested modification have any impact on the other deadlines set forth therein.  This is Plaintiffs' first request to modify the Scheduling Order.  In support of this Motion, Plaintiffs state as follows:

1.      Pursuant to Fed. R. Civ. P. 16(b)(4), "[a] schedul[ing order] may be modified only for good cause and with the judge's consent."

2.      Good cause exists for the requested modification.

3.      *First*, the deadline is premature.  This deadline is part of the Court's standard form scheduling order, which is generally issued after resolution of motions to dismiss.  But here, the Court has not ruled on the narrow issue in Citi's motion to dismiss that the Eleventh Circuit remanded—whether Plaintiffs adequately pleaded a RICO injury.  ECF 215 at 58.  On August 20, 2025, Citi filed its Notice addressing the remanded issue.  In addition to RICO injury, however, Citi's Notice raised whether Plaintiff Nordic has standing to assert claims on behalf of the bondholders it represents.  Plaintiffs responded on September 10, 2025, including to object to Citi's attempt to relitigate the issue of Nordic's standing because the Eleventh Circuit held that Nordic sufficiently pleaded reliance as a group and thus decided it had standing by necessary implication.  ECF 231 at 9-10.  Without a ruling from the Court, Plaintiffs are unable to determine whether the Nordic issue is a live one.

4.      *Second*, the extension promotes judicial economy.  If the Court rules favorably for Citi on either issue—including Nordic's standing—Plaintiffs should have the opportunity to amend their complaint, including to join or substitute parties.  With respect to Nordic, specifically, Rule 17(a)(3) mandates that an action should not be dismissed if a proper party can "ratify, join, or be substituted into the action."  The Rule contemplates exactly this scenario where questions arise about whether a party is the proper representative—the solution is orderly ratification or substitution rather than dismissal.  Requesting the deadline modification here serves the Rule's foundational principle of "prevent[ing] forfeiture when determination of the proper party to sue is difficult."  *See Martino v. Am. Sec. Ins.*, 2022 WL 9418415, at *3 (S.D. Fla. Oct. 14, 2022) (granting leave to amend and substitute plaintiff under Rules 15 and 17) (citing *In re Engle Cases*, 767 F.3d 1082, 1113 (11th Cir. 2014)).  Additionally, extending this deadline allows Plaintiffs to consolidate all party modifications—including substitutions for Adar, Ashmore, De Hoop, and

Moneda, who assigned their interests in this action—into one motion, thus avoiding piecemeal filings.

5. *Third*, the extension does not cause any prejudice. Citi's consent only covers the deadline extension and for the avoidance of doubt does not extend to any of the arguments presented herein. Citi expressly reserves all rights to oppose any future motion for leave to amend on any ground, including, without limitation, as to: (a) statute of limitations and timeliness defenses, (b) objections to proposed party addition or substitution, (c) objections to proposed amendment to the complaint, and (d) any request to modify the discovery or case schedule resulting from any addition or substitution of parties or amendment of the complaint. And Plaintiffs do not at this time seek relief beyond extending the deadline.

6. This first modification request is not intended to delay but to ensure orderly resolution: the Court decides threshold issues first, then any necessary amendments follow.

7. WHEREFORE, Plaintiffs respectfully request the Court find "good cause" has been shown and enter the proposed Order, attached hereto as Exhibit A, extending the deadline for joinder and amendment from October 20, 2025, to 30 days after a ruling on Defendant's Notice.

## CERTIFICATE OF CONFERRAL

Pursuant to Local Rule 7.1(a)(2), Plaintiffs' counsel certify that they conferred with counsel for Citi via e-mail in a good-faith effort to resolve the issue raised in this Motion. Counsel for Citi has indicated that Citi consents to the procedural relief requested herein, with the express reservations of rights set forth in Paragraph 5 above.

Dated:  October 16, 2025

Respectfully submitted,

QUINN EMANUEL URQUHART & SULLIVAN, LLP

By:  /s/ Juan P. Morillo

Juan P. Morillo (Fla. Bar No. 135933)
Gabriel F. Soledad (*pro hac vice*)
Derek L. Shaffer (*pro hac vice*)
Lauren H. Dickie (*pro hac vice*)
David H. Needham (*pro hac vice*)
1300 I St. NW, Ste. 900
Washington, D.C. 20005
Telephone: (202) 538-8000
juanmorillo@quinnemanuel.com
gabrielsoledad@quinnemanuel.com
derekshaffer@quinnemanuel.com
laurendickie@quinnemanuel.com
davidneedham@quinnemanuel.com

John F. O'Sullivan (Fla. Bar No. 143154)
Laura N. Ferguson (Fla. Bar No. 1047701)
2601 S. Bayshore Dr., Ste. 1550
Miami, FL 33133
Telephone: (305) 402-4880
johnosullivan@quinnemanuel.com
lauraferguson@quinnemanuel.com
Samantha I. Gillespie (*pro hac vice*)
295 Fifth Avenue, 9th Floor
New York, NY 10016
Telephone: (212) 849-7000
samanthagillespie@quinnemanuel.com

Vasundhara Ziemba-Prasad (*pro hac vice*)
111 Huntington Ave, Suite 520
Boston, MA 02199
Telephone: (617) 712-7100
vasundharaprasad@quinnemanuel.com

HOMER BONNER JACOBS ORTIZ, P.A.

Peter W. Homer (Fla. Bar No. 291250)
Gregory J. Trask (Fla. Bar No. 0055883)
Kevin P. Jacobs (Fla. Bar No. 169821)
1200 Four Seasons Tower

4

1441 Brickell Avenue
Miami, Florida 33131
Telephone: (305) 350-5100
phomer@homerbonner.com
gtrask@homerbonner.com
kjacobs@homerbonner.com

*Counsel for Plaintiffs*