**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**Miami Division**

**CASE NO. 16-20725-CIV-GAYLES-TORRES**

OTTO CANDIES, LLC, et al.,

       Plaintiffs,

       v.

CITIGROUP INC.,

       Defendant.

<u>**AMENDED CROSS-MOTION FOR HEARING**</u>

Plaintiffs, by and through undersigned counsel, and pursuant to the Honorable Magistrate Judge Edwin G. Torres's Order Setting Discovery Procedures [ECF No. 224, the "Discovery Order"], respectfully submit this Amended Cross-Motion for Hearing (the "Motion") to address outstanding discovery issues relating to (1) disputes regarding negotiations over search terms and custodians, and (2) the temporal scopes applicable to certain of Plaintiffs' First Amended Requests for Production (the "First RFPs").  This Amended Cross-Motion supersedes Plaintiffs' Cross-Motion for Hearing filed on March 27, 2026 [ECF No. 301], and is filed to address Defendant Citigroup Inc.'s ("Citi") subsequent attempt to reduce the number of undisputed custodians from 53 to 45—an issue that did not exist at the time of the original filing.[1]

---

[1]   On March 9, 2026, Citi filed its Motion for Hearing [ECF No. 292].  On March 27, 2026, the Court scheduled a discovery hearing and ordered that, "[t]o the extent either party wishes to file on the docket an amended motion for hearing either altering the current description of the issues or adding additional issues, they have leave to do so."  [ECF No. 299].  Pursuant to that order, on March 27, 2026, Citi filed an Amended Motion for Hearing [ECF No. 300], and Plaintiffs filed their original Cross-Motion for Hearing [ECF No. 301].  The discovery hearing is now currently

The Court has already scheduled a discovery hearing on Citi's Motion for Hearing [ECF No. 292], which Citi has since amended [ECF No. 300], for **Wednesday, June 17, 2026, at 9:30 A.M.**[2] The Court has further granted leave for either party to file a motion to add additional issues to that hearing.  [ECF No. 299].  In support of this Motion and in accordance with the Discovery Order, Plaintiffs state as follows:

### Background

1.      The first discovery requests and responses in this case were exchanged in 2017.  Following remand from the Eleventh Circuit last year, this Court ordered the parties to serve amended requests and responses.  [ECF No. 242].  Plaintiffs served the operative First Amended Requests for Production (the "First RFPs") on October 1, 2025, and Citi served the operative Responses and Objections (the "R&Os") on October 22, 2025.

2.      Since then, this Court has held discovery hearings on November 20, 2025, and January 22, 2026, resolving some of the parties' disputes relating to the First RFPs on a request-by-request basis.  [ECF Nos. 279, 280].

3.      Despite extensive meet-and-confer efforts in the months that followed, however,

---

scheduled for June 17, 2026, though the parties have contacted the Court to advise that this date no longer works and have proposed alternative dates for the Court's consideration.

Since the filing of the original Cross-Motion, at least one new dispute has arisen on which the parties have reached an impasse—specifically, Citi's attempt to retroactively reduce the number of its undisputed custodians from 53 to 45.  Plaintiffs file this Amended Cross-Motion to add that issue while remaining in compliance with the Court's rules regarding the timely raising of discovery disputes. The parties have continued to confer on the issues identified in the original motions and on additional discovery matters, and Plaintiffs expect that further conferrals will occur before the discovery hearing.  Those discussions may narrow some of the issues raised herein or give rise to new ones, and Plaintiffs will file a further amended motion as warranted.

[2]   As mentioned above, the parties have contacted the Court to advise that the June 17 hearing date no longer works and have proposed alternative dates for the Court's consideration.

the parties have been unable to resolve the disputes identified below.

### Parties' Pre-Filing Efforts To Meet And Confer

A.   *Custodian and Search Term Disputes*

4.   On January 22, 2026, Plaintiffs sent Citi an initial proposal for search terms and custodians.

5.   Over the ensuing two months, the parties exchanged multiple rounds of written counterproposals, including on (1) February 2, 2026, (2) February 11, 2026, and (3) March 20, 2026, and held several multi-hour Zoom conferrals on (1) February 4, 2026, (2) February 13, 2026 and (3) March 26, 2026.  The parties also exchanged numerous emails stating and restating their positions on these issues, including on (1) February 6, 2026, (2) February 26, 2026, (3) March 4, 2026, (4) March 9, 2026, (5) March 11, 2026, (6) March 16, 2026, (7) March 23, 2026, (8) April 3, 2026, (9) April 10, 2026, (10) April 17, 2026, (11) April 24, 2026, (12) May 8, 2026 and (13) May 13, 2026.

6.   Citi increased its initial custodian counterproposal from 36 to 45 (on February 11, 2026) and then from 45 to 53 (on March 20, 2026).  Citi's March 20 offer to add 8 additional custodians was "contingent" on Plaintiffs agreeing that 53 would be the total number of custodians Citi must search.  On March 23, 2026, Plaintiffs accepted the 8 custodians but expressly rejected the cap, explaining that it was inconsistent with what the parties had previously agreed with respect to either party's rights to add additional custodians as discovery progresses.  Citi's March 26, 2026, response did not push back on Plaintiffs' rejection of the cap, did not withdraw the 8 custodians, and in fact stated that "plaintiffs should begin custodial discovery with these 53 custodians."  Citi did not say otherwise on the parties' subsequent meet and confer on March 26, nor did Citi object when Plaintiffs filed their original Cross-Motion for Hearing on March 27, which represented to

this Court that there are 53 undisputed custodians.  On April 10, 2026—for the first time—Citi asserted that there are only 45 undisputed custodians and that the 8 additional custodians it offered on March 20 should be treated as withdrawn because Plaintiffs did not accept the cap.  Plaintiffs dispute Citi's characterization and maintain that the undisputed custodian count is 53, as they reiterated in correspondence on April 17, 2026.  The parties exchanged further emails on this issue on April 24 and May 8, 2026, reiterating their respective positions.  Plaintiffs, in turn, have deferred 12 of their disputed custodians without prejudice, narrowing the dispute to the custodians identified below.

7.      Throughout the negotiations, Citi did not object on grounds of relevance, but rather on "proportionality," *i.e.*, that the (undisputed) relevance of the disputed custodians' documents did not outweigh the burden of collecting and reviewing their documents.  Throughout these negotiations, Plaintiffs repeatedly asked Citi to run hit reports showing the number of documents responsive to Plaintiffs' proposed search terms for each proposed custodian—so that the parties could evaluate Citi's burden, and thus its proportionality objections.  Citi refused.

8.      On March 4, 2026, Citi informed Plaintiffs that it would not provide a counterproposal on search terms or any hit reports until after the custodian list and temporal scopes for *all* requests were fully resolved.  In other words, under Citi's approach, the parties must first litigate custodians to completion, then resolve date ranges, and only then begin negotiating search terms—each step requiring its own round of meet-and-confers and potentially motion practice before a single document is reviewed or produced.  Plaintiffs maintain that custodian, search term, and date range negotiations must proceed concurrently, as is standard practice in complex litigation.  That is particularly critical here, where the District Court has entered a schedule that

requires the parties to promptly complete discovery.

9.      To date, Citi has not proposed a single search term for its own custodians' documents, and has refused to engage substantively with any of Plaintiffs' search term proposals for Citi's documents.  On April 24, Citi produced an aggregate hit report using Plaintiffs' proposed terms on an undefined subset of its agreed-to custodians, but without unique hit counts per term, making it impossible to assess proportionality on a term-by-term basis.  Plaintiffs responded on May 8, requesting unique hit counts as a prerequisite to productive negotiation.  Citi's May 13 response did not provide the requested data.  The parties, however, are continuing to confer in good faith.

10.      Plaintiffs, by contrast, have accepted the vast majority of Citi's proposed search terms for Plaintiffs' documents and have already begun review and rolling production on that basis and provided de-duped hit reports against Plaintiffs' agreed-upon custodians so that the parties can negotiate those terms on the basis of actual data.  Despite Plaintiffs' efforts, more than two months after Plaintiffs served their search term proposal, Citi's position on search terms remains a blanket refusal to negotiate.

11.      On March 20, 2026, Citi's updated custodian counterproposal introduced two new conditions for the first time.  First, Citi imposed date restrictions on seven of the agreed-upon custodians—including the CEO, the General Counsel for Latin America, and the Chief Accounting Officer—without providing any justification.  Citi did not offer reasons for these restrictions until March 26, 2026, and Plaintiffs dispute each of them.  Second, Citi reserved the right to "limit certain custodians to specific RFPs" but refused to identify which custodians it proposes to limit, which RFPs would apply, or any basis for such limitations.  Plaintiffs rejected both conditions on

March 23, 2026, and the parties have been unable to resolve either dispute.

12.     Also unresolved is Citi's failure to respond to Plaintiffs' repeated requests, including on February 6, 2026, February 10, 2026, February 26, 2026, and March 23, 2026, that Citi identify which of the custodians on Plaintiffs' initial January 22 proposal—whether disputed or deferred—Citi contends are outside its possession, custody, or control for purposes of document production or testimony. Citi has yet to provide any response. Separately, on March 23, 2026, Plaintiffs asked Citi to confirm whether it has the ability to produce each of its agreed-upon custodians for deposition and trial. Citi has not responded to that request either.

13.     Plaintiffs now bring this Amended Cross-Motion for Hearing to respectfully request that the Court address the disputes identified in paragraphs 16-28 below concerning the substance of the parties' search term and custodian negotiations.

**B.      _Remaining Temporal Scope Disputes As To Plaintiffs' First RFPs_**

14.     The parties continue to dispute the date ranges applicable to certain of Plaintiffs' First RFPs. The most significant remaining dispute (*see infra* ¶ 29) is whether the end date should be in 2014 or 2016 for 18 of the First RFPs. Plaintiffs believe that, for these requests, the end date for production should be February 26, 2016, when they filed the first complaint in this action. Citi believes that, for these requests, the end date should be in July 2014, five months after the fraud in this case became public. As discussed below, certain other disputes on the start dates and end dates remain as well (*see id.*).[3]

15.     Plaintiffs now bring this Amended Cross-Motion for Hearing to respectfully

---

[3]  The Court previously ordered that it would decide Plaintiffs' temporal scope issues on a request-by-request basis. [ECF No. 279 ¶ 1]. Following the November 20, 2025, Discovery Hearing, the Court explicitly "reserve[d] ruling" on the remainder of the issues Plaintiffs raised regarding the First RFPs, allowing Plaintiffs to "raise them at a future date." [*Id.* ¶ 15]. Plaintiffs did so, re-raising issues (including the temporal scopes) in their Cross-Motion for hearing prior to the

request that the Court address the remaining temporal scopes in dispute, as listed below (*infra* ¶¶ 29-30).  Resolution of these disputes is particularly urgent given Citi's insistence that it will not engage on search terms until all date range issues are fully resolved—a sequencing approach that, if left unaddressed, will continue to delay the start of any meaningful document production.

### Categories Of Discovery Matters To Be Heard

16.     Despite the good-faith efforts at resolution described above, the parties remain at an impasse with regard to the following issues:

**A.     *Custodians***

17.     ***First,*** Citi has attempted to reduce the number of undisputed custodians from 53 to 45 by retroactively withdrawing 8 custodians it offered on March 20, 2026.  As set forth in paragraph 6 above, Citi offered these custodians, Plaintiffs accepted them, Citi's subsequent correspondence treated 53 as the operative number, and Citi raised no objection when Plaintiffs represented to this Court that there are 53 undisputed custodians.  The 8 custodians at issue are: (1) Vanessa Maricela Ramirez Segura, (2) Ricardo Garcia Salgado, (3) Sergio Torres-Lebrija, (4) Guillermo Perez-Elizundia, (5) Leonor Cuen, (6) Jesus Fernandez Wilburn, (7) Guillermo Gomez Tejero, and (8) Miguel Angel Gonzalez Barrales.  Notably, all 8 of these custodians are individuals from Citi's own list of 29 employees who were disciplined or terminated following Citi's internal review—a list that Citi's counsel described to this Court as "a very good faith list" of people who "had some responsibility for allowing Citi to be defrauded."  (Nov. 20 Hearing Tr. 117:9–119:6).

18.     Plaintiffs respectfully request an order confirming that these 8 individuals are

---

January 22, 2026, Discovery Hearing.  [ECF No. 266].  At the conclusion of that hearing, the Court "table[d]" any outstanding temporal scope issues, and the parties agreed to continue discussing the issue.  [ECF No. 274 at 218:9-220:11].  As instructed, the parties did extensively confer on the temporal scope issue, but they have been unable to reach a resolution.

undisputed custodians and directing Citi to collect, search, and produce documents from all 53 agreed-upon custodians.  In the alternative, if the Court determines that these custodians are in dispute, Plaintiffs respectfully request that they be added to the custodian list for the reasons set forth below in paragraph 20.

19.     ***Second***, Citi refuses to add 20 individuals to its list of custodians: (1) Jose Washington Mayobre, (2) Jose Angel Castillo-Guerrero, (3) Guadalupe Angelica Ruiz-Martinez, (4) Javier Artola, (5) Mark Clark, (6) Octavio Molmenti, (7) Esteban Mancuso, (8) Laura Berenice Pereda-Diaz, (9) Fernando Borja Mujica, (10) Ignacio Munoz de Cote, (11) Adolfo Anguiano Tellez, (12) Jose Marcello Antunes, (13) Christopher Robinson, (14) Eduardo Barrera Montañes, (15) Manuel Calvillo Aranda, (16) Raul Morgan, (17) Ricardo Mancilla, (18) Daniela Ortega Sosa, (19) Alejandro Rolon, and (20) Leslie Triulzi Chauvet.[4]

20.     Citi objects on several grounds, each of which rests in whole or in part on assertions about burden and proportionality.  Yet, Citi has refused to provide hit reports showing the number of documents responsive to Plaintiffs' proposed search terms for each disputed custodian, making it impossible for Plaintiffs to evaluate those assertions on the basis of actual data.  For example, Citi asserts that these custodians' documents would be "redundant or duplicative" of documents belonging to other, already-agreed custodians, and that some of these individuals reported to supervisors who are already on the custodian list.  A hit report would identify the non-unique hits on these custodians' documents and thereby provide a means of assessing Citi's claim.

21.     Plaintiffs respectfully request an order that these 20 individuals be added to Citi's custodian list.  In the alternative, and at minimum, Plaintiffs respectfully request that Citi be

---

[4]    Plaintiffs have deferred, without prejudice to re-raising, their requests for 12 additional custodians identified through Plaintiffs' investigation to-date.  Citi agrees Plaintiffs' deferral is without prejudice to re-raising those custodians.

required to produce hit reports—including unique hit counts deduplicated against agreed custodians—for each disputed custodian within 7 days, so that the parties, and if necessary the Court, can assess any burden or proportionality objections on the basis of actual data. Plaintiffs further request that Citi be ordered to produce hit reports for the agreed-upon custodians, using Plaintiffs' proposed search terms, within 7 days—so that the parties have a baseline against which to evaluate the marginal burden (if any) of the disputed custodians. This will enable the parties to resolve, or at least narrow, the remaining disputes—and provide this Court with a concrete means of evaluating any remaining dispute.

22.     ***Third***, Citi has not responded to Plaintiffs' repeated requests that Citi identify which of the custodians on Plaintiffs' initial proposal Citi contends are outside its possession, custody, or control for purposes of document production or testimony. This includes the 20 disputed custodians identified above, as well as the 8 custodians identified in paragraph 17, and the remaining deferred custodians—all of whom Plaintiffs have clearly and repeatedly identified by name and title throughout the parties' negotiations on custodians. Plaintiffs need this information so that they can determine whether third-party subpoenas or Hague Requests are necessary and plan accordingly within the discovery timeline the Court has set. Separately, for each of the custodians that Citi has agreed to, Plaintiffs have asked Citi to confirm whether it has the ability to produce that individual for deposition and trial. Citi has not responded to this request either.

23.     Plaintiffs respectfully request an order directing Citi to identify, within 7 days, (1) which custodians on Plaintiffs' initial proposal—whether disputed, withdrawn, or deferred—Citi contends are outside its possession, custody, or control, and (2) which of the agreed-upon

custodians, if any, it is unable to produce for deposition and trial.

24. ***Fourth***, Citi has sought a blanket reservation that it "reserves the right to limit certain custodians to specific RFPs," but has refused to identify which custodians it proposes to limit, which RFPs would apply, or the basis for any such limitation. Plaintiffs respectfully request an order that Citi may not impose RFP-specific limitations on any custodian, or, in the alternative, that Citi identify any proposed RFP-specific custodian limitations, with specificity, within 7 days—or else waive such limitations.

25. ***Fifth***, Citi has sought to impose date restrictions on seven of its agreed-upon custodians: (1) Francisco Aristeguieta: January 1, 2010 – February 26, 2016, (2) Michael Corbat: February 1, 2014 – December 31, 2014, (3) James A. Forese: January 1, 2012 – February 26, 2016, (4) Jeffrey Walsh: February 1, 2014 – December 31, 2014, (5) Samuel Libnic: February 1, 2014 – February 26, 2016, (6) Alberto Pandolfi: January 1, 2012 – March 1, 2014, and (7) Rodrigo Riveroll: March 1, 2013 – May 1, 2014.

26. Plaintiffs respectfully request an order that these seven custodians be searched across the full date range applicable to the relevant First RFPs, without custodian-specific restrictions. Alternatively, if any First RFP or custodian-specific date limitation remains in dispute following the June 17 hearing, Plaintiffs request that Citi be ordered to produce comparative hit reports—using both Plaintiffs' and Citi's proposed temporal scopes—within 7 days of the hearing, so that the parties and the Court can assess any proportionality objections on the basis of actual data.

### B. *Search Terms*

27. ***Sixth***, Citi has refused to engage on Plaintiffs' proposed search terms. Plaintiffs sent Citi a search term proposal on January 22, 2026. Rather than respond substantively, Citi has

characterized those terms as "facially absurd"—without providing any hit reports with unique hit counts to substantiate that characterization—and has stated that it will not propose its own search terms until all custodian and date range disputes are fully resolved. Citi's position reflects its broader insistence that custodians, date ranges, and search terms must be resolved sequentially rather than concurrently, an approach designed to delay production rather than advance it. Plaintiffs maintain that their proposed search terms are proportionate to the needs of this case and that these negotiations must proceed in parallel.

28.     Plaintiffs respectfully request an order that: (1) Citi run Plaintiffs' proposed search terms across the documents of the agreed-upon custodians (and any additional custodians ordered by the Court) and produce hit reports within 7 days, so that the parties can evaluate any claimed burden on the basis of actual data; and (2) Citi propose specific revisions to Plaintiffs' search terms, identifying each term it contends is overbroad and offering a narrower alternative, so that the parties can negotiate further on an informed basis.

      **C.**     ***Remaining Temporal Scope Disputes As To Plaintiffs' First RFPs***

29.     ***Seventh***, as to the temporal scope of the First RFPs, the parties continue to dispute the following:

| Dispute | Affected RFPs | Parties' Proposals |
|---|---|---|
| End Dates | First RFP Nos. 2, 3A, 4, 10-12, 14-16, 18(1), 21, 28, 29, 32, 39, 50, 51, 58 | Plaintiffs have proposed an end date of February 26, 2016; Citi has proposed an end date of July 31, 2014.[5] |
| | First RFP Nos. 38, 43, and 44 | Plaintiffs have proposed an end date of the present; Citi has proposed an end date of February 26, 2016 |
| Start Dates | First RFP No. 34(2) | Plaintiffs have proposed a start date of July 1, 2007; Citi has proposed a start date of January 1, 2008 |
| | First RFP No. 39 | Plaintiffs have proposed a start date of January 1, 2008; Citi has proposed a start date of August 1, 2013 |
| | First RFP No. 49 | Plaintiffs have proposed a start date of January 1, 2008; Citi has proposed a start date of February 1, 2014 |
| | First RFP No. 53 | Plaintiffs have proposed a start date of January 1, 2008; Citi has proposed a start date of January 1, 2013 |

30. Plaintiffs respectfully request an order adopting Plaintiffs' proposed date ranges for each of the disputes identified above. Alternatively, if any temporal scope remains in dispute following the June 17 hearing, Plaintiffs request that Citi be ordered to produce comparative hit reports—using both Plaintiffs' and Citi's proposed temporal scopes—within 7 days of the hearing, so that the parties and the Court can assess any proportionality objections on the basis of data.

\*      \*      \*

31. Plaintiffs understand that argument against Citi's positions is not appropriate in this Motion and will present their arguments at the discovery hearing Wednesday, June 17, 2026, at 9:30 A.M.

32. Pursuant to Paragraph 3(d) of the Discovery Order, Plaintiffs will submit to Chambers via PDF to torres@flsd.uscourts.gov, no later than noon on Monday, June 15, 2026, the following: (1) the Amended RFPs and Amended R&Os at issue; (2) a proposed order identifying

---

[5]   As to First RFP Nos. 32, 50, and 58, Citi argues that discussions about the temporal scope are premature because it has objected categorically to any production. But Citi has informed Plaintiffs that if productions are ordered in response to these three requests, it maintains that the relevant period should end on July 31, 2014.

the specific relief requested; and (3) any supporting materials.

WHEREFORE, Plaintiffs respectfully request that the Court enter an Order adding the issues identified above to the discovery hearing with the Honorable Magistrate Judge Edwin G. Torres on Wednesday, June 17, 2026, at 9:30 A.M. to address the issues raised herein.

<u>**CERTIFICATE OF CONFERRAL**</u>

Pursuant to Local Rule 7.1(a)(3), undersigned counsel certify that they have conferred with counsel for Citi via e-mail and by Zoom in a good-faith effort to resolve the discovery issues described above but have been unable to reach a resolution.  With respect to Citi's attempt to reduce the number of undisputed custodians from 53 to 45, which arose after the filing of the original Cross-Motion for Hearing, the parties have conferred extensively over email and have been unable to reach a resolution.

Dated:  May 15, 2026

Respectfully submitted,

QUINN   EMANUEL   URQUHART   &
SULLIVAN, LLP

By:  /s/ *Juan P. Morillo*

Juan P. Morillo (Fla. Bar No. 135933)
Gabriel F. Soledad (*pro hac vice*)
Derek L. Shaffer (*pro hac vice*)
Lauren H. Dickie (*pro hac vice*)
David H. Needham (*pro hac vice*)
555 13th Street NW, Suite 600
Washington, D.C. 20004
Telephone: (202) 538-8000
juanmorillo@quinnemanuel.com
gabrielsoledad@quinnemanuel.com
derekshaffer@quinnemanuel.com
laurendickie@quinnemanuel.com
davidneedham@quinnemanuel.com

Laura N. Ferguson (Fla. Bar No. 1047701)
2601 S. Bayshore Dr., Ste. 1550
Miami, FL 33133
Telephone: (305) 402-4880
lauraferguson@quinnemanuel.com

Samantha I. Gillespie (*pro hac vice*)
295 Fifth Avenue, 9th Floor
New York, NY 10016
Telephone: (212) 849-7000
samanthagillespie@quinnemanuel.com

Vasundhara Ziemba-Prasad (*pro hac vice*)
111 Huntington Ave., Ste. 520
Boston, MA 02199
Telephone: (617) 712-7100
vasundharaprasad@quinnemanuel.com

HOMER BONNER JACOBS ORTIZ, P.A.

Peter W. Homer (Fla. Bar No. 291250)
Gregory J. Trask (Fla. Bar No. 0055883)
Kevin P. Jacobs (Fla. Bar No. 169821)
1200 Four Seasons Tower

14

1441 Brickell Avenue
Miami, Florida 33131
Telephone: (305) 350-5100
phomer@homerbonner.com
gtrask@homerbonner.com
kjacobs@homerbonner.com

*Counsel for Plaintiffs*