**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**Miami Division**

**CASE NO. 16-20725-CIV-GAYLES-TORRES**

OTTO CANDIES, LLC, et al.,

      Plaintiffs,

      v.

CITIGROUP INC.,

      Defendant.

## SECOND AMENDED CROSS-MOTION FOR HEARING

Plaintiffs, by and through undersigned counsel, and pursuant to the Honorable Magistrate Judge Edwin G. Torres's Order Setting Discovery Procedures [ECF No. 224, the "Discovery Order"], respectfully submit this Second Amended Cross-Motion for Hearing (the "Motion") to address outstanding discovery issues relating to (1) disputes regarding negotiations over search terms and custodians; (2) disputes about the temporal scopes applicable to certain of Plaintiffs' First Amended Requests for Production (the "First RFPs") and Plaintiffs' Second Requests for Production (the "Second RFPs"); and (3) disputes regarding Defendant Citigroup Inc.'s ("Citi") Responses and Objections to Plaintiffs' Second Set of Requests for Production (the "Second R&Os").  This Amended Cross-Motion supersedes Plaintiffs' previous Cross-Motions for Hearing filed on March 27, 2026 [ECF No. 301] (the "Cross-Motion") and May 15, 2026 [ECF No. 315] (the "First Amended Cross-Motion").  As with the First Amended Cross-Motion, Plaintiffs bring

this Motion to add issues that were not ripe at the time of the prior motion.[1]

The Court has already scheduled a hearing for **Wednesday, June 17, 2026, at 9:30 A.M.** The Court has further granted leave for either party to file a motion to add additional issues to the discovery portion of that hearing. [ECF No. 299]. In support of this Motion and in accordance with the Discovery Order, Plaintiffs state as follows:

### Background

1. The first discovery requests and responses in this case were exchanged in 2017. Following remand from the Eleventh Circuit last year, this Court ordered the parties to serve amended requests and responses. [ECF No. 242]. Plaintiffs served the First RFPs on October 1,

---

[1] On March 9, 2026, Citi filed its Motion for Hearing [ECF No. 292]. On March 27, 2026, the Court scheduled a discovery hearing and ordered that, "[t]o the extent either party wishes to file on the docket an amended motion for hearing either altering the current description of the issues or adding additional issues, they have leave to do so." [ECF No. 299]. Pursuant to that order, on March 27, 2026, Citi filed an Amended Motion for Hearing [ECF No. 300], and Plaintiffs filed their original Cross-Motion. The discovery hearing is now scheduled for June 17, 2026, and it has been consolidated with a hearing on the remaining legal issues from the Motion to Dismiss [ECF No. 190]. *See* Order Setting Hearing on Motion to Dismiss [ECF No. 318].

Since the filing of the original Cross-Motion, multiple new disputes have arisen on which the parties have reached an impasse. The first is Citi's attempt to retroactively reduce the number of its undisputed custodians from 53 to 45, which was the subject of Plaintiffs' First Amended Cross-Motion. [ECF No. 315]. The second concerns issues relating to the Second R&Os, which Citi served on May 14, 2026. The parties met and conferred on the Second R&Os earlier this week, which resulted in a significant narrowing on a number of outstanding issues, although some remain. For this reason, Plaintiffs were unable to include issues from the Second R&Os in their First Amended Cross-Motion. The third issue is Plaintiffs' request that Citi add as custodians certain additional individuals whom it already identified as custodians during the investigation of Citi by the SEC, which also did not become ripe until the parties met and conferred on that issue this week.

As with the First Amended Cross-Motion, Plaintiffs file this Motion today to add the issues related to the Second R&Os and the additional custodians, consistent with the Court's rules regarding the timely raising of discovery disputes and to preserve Plaintiffs' rights to raise these issues at the June 17 hearing. To the extent the Court determines that the June 17 hearing does not afford sufficient time to address all pending issues, Plaintiffs respectfully suggest that the parties can confer and provide the Court with their availability for a supplemental hearing on any remaining issues.

2025, and Citi served the operative Responses and Objections (the "First R&Os") on October 22, 2025.

2. Since then, this Court has held discovery hearings on November 20, 2025, and January 22, 2026, resolving some of the parties' disputes relating to the First RFPs on a request-by-request basis.  [ECF Nos. 279, 280].

3. On April 14, 2026, Plaintiffs served their Second RFPs, and Citi responded with the Second R&Os on May 14, 2026.

4. Despite extensive meet-and-confer efforts over the past eight months, the parties have been unable to resolve the disputes identified below.

### Parties' Pre-Filing Efforts To Meet And Confer

**A.** ***Custodian and Search Term Disputes***

5. On January 22, 2026, Plaintiffs sent Citi an initial proposal for search terms and custodians.

6. Over the ensuing months, the parties exchanged multiple rounds of written counterproposals, including on (1) February 2, 2026, (2) February 11, 2026, and (3) March 20, 2026, and held several multi-hour Zoom conferrals on (1) February 4, 2026, (2) February 13, 2026, and (3) March 26, 2026.  The parties also exchanged numerous emails stating and restating their positions on these issues, including on (1) February 6, 2026, (2) February 26, 2026, (3) March 4, 2026, (4) March 9, 2026, (5) March 11, 2026, (6) March 16, 2026, (7) March 23, 2026, (8) April 3, 2026, (9) April 10, 2026, (10) April 17, 2026, (11) April 24, 2026, (12) April 28, 2026, (13) May 1, 2026, (14) May 8, 2026, (15) May 13, 2026, (16) May 27, 2026, and (17) June 5, 2026.

7. Citi increased its initial custodian counterproposal from 36 to 45 (on February 11, 2026) and then from 45 to 53 (on March 20, 2026).  Citi's March 20 offer to add 8 additional

3

custodians was "contingent" on Plaintiffs agreeing that 53 would be the total number of custodians Citi must search.  On March 23, 2026, Plaintiffs accepted the 8 custodians but expressly rejected the cap, explaining that it was inconsistent with what the parties had previously agreed with respect to either party's rights to add additional custodians as discovery progresses.  Citi's March 26, 2026, response did not push back on Plaintiffs' rejection of the cap, did not withdraw the 8 custodians, and in fact stated that "plaintiffs should begin custodial discovery with these 53 custodians."  Citi did not say otherwise on the parties' subsequent meet and confer on March 26, nor did Citi object when Plaintiffs filed their original Cross-Motion for Hearing on March 27, which represented to this Court that there are 53 undisputed custodians.  On April 10, 2026—for the first time—Citi asserted that there are only 45 undisputed custodians and that the 8 additional custodians it offered on March 20 should be treated as withdrawn because Plaintiffs did not accept the cap.  Plaintiffs dispute Citi's characterization and maintain that the undisputed custodian count is 53, as they reiterated in correspondence on April 17, 2026.  The parties exchanged further emails on this issue on April 24, May 8, and May 13, 2026, reiterating their respective positions.  Plaintiffs, in turn, have deferred 12 of their disputed custodians without prejudice, narrowing the dispute to the custodians identified below.

8.     Throughout the negotiations, Citi did not object on grounds of relevance, but rather on "proportionality," *i.e.*, that the (undisputed) relevance of the disputed custodians' documents did not outweigh the burden of collecting and reviewing their documents.  Throughout these negotiations, Plaintiffs repeatedly asked Citi to run hit reports showing the number of documents responsive to Plaintiffs' proposed search terms for each proposed custodian—so that the parties could evaluate Citi's burden, and thus its proportionality objections.  Citi refused.

9.     On March 4, 2026, Citi informed Plaintiffs that it would not provide a

4

counterproposal on search terms or any hit reports until after the custodian list and temporal scopes for *all* requests were fully resolved. In other words, under Citi's approach, the parties must first litigate custodians to completion, then resolve date ranges, and only then begin negotiating search terms—each step requiring its own round of meet-and-confers and potentially motion practice before a single document is reviewed or produced. Plaintiffs maintain that custodian, search term, and date range negotiations must proceed concurrently, as is standard practice in complex litigation. That is particularly critical here, where the District Court has entered a schedule that requires the parties to promptly complete discovery.

10. Citi has refused to engage substantively with Plaintiffs' search term proposals for Citi's documents. On April 24, Citi produced an aggregate hit report using Plaintiffs' proposed terms on an undefined subset of its agreed-to custodians, but without unique hit counts per term, making it impossible to assess proportionality on a term-by-term basis. Plaintiffs responded on May 8, requesting unique hit counts as a prerequisite to productive negotiation. Citi's May 13 response did not provide the requested data. On June 5, Citi finally shared with Plaintiffs a set of search terms that it is "using for its initial custodial reviews," yet it continues to refuse to provide a full hit report for those terms.

11. Plaintiffs, by contrast, have accepted the vast majority of Citi's proposed search terms for Plaintiffs' documents and have already begun review and rolling production on that basis and provided de-duped hit reports against Plaintiffs' agreed-upon custodians so that the parties can negotiate those terms on the basis of actual data. Despite Plaintiffs' efforts, nearly five months after Plaintiffs served their search term proposal, Citi refuses to negotiate in good faith.

12. On March 20, 2026, Citi's updated custodian counterproposal introduced two new conditions for the first time. First, Citi imposed date restrictions on seven of the agreed-upon

custodians—including the CEO, the General Counsel for Latin America, and the Chief Accounting Officer—without providing any justification.  Citi did not offer reasons for these restrictions until March 26, 2026, and Plaintiffs dispute each of them.  Second, Citi reserved the right to "limit certain custodians to specific RFPs" but refused to identify which custodians it proposes to limit, which RFPs would apply, or any basis for such limitations.  Plaintiffs rejected both conditions on March 23, 2026, and the parties have been unable to resolve either dispute.

13.     Also unresolved is Citi's failure to respond to Plaintiffs' repeated requests, including on February 6, 2026, February 10, 2026, February 26, 2026, and March 23, 2026, that Citi identify which of the custodians on Plaintiffs' initial January 22 proposal—whether disputed or deferred—Citi contends are outside its possession, custody, or control for purposes of document production or testimony.  Citi has yet to provide any response.  Separately, on March 23, 2026, Plaintiffs asked Citi to confirm whether it has the ability to produce each of its agreed-upon custodians for deposition and trial.  Citi has not responded to that request either.

14.     Furthermore, Citi has refused to engage with Plaintiffs' request that Citi add as additional custodians the individuals whom it already identified as custodians during the related SEC investigation of Citi.  On April 17, 2026, Plaintiffs sent Citi a list that identified the individuals listed in Appendix A and requested that Citi add those individuals as custodians, since Citi has already collected and reviewed their documents in connection with the related SEC investigation.  On May 1, 2026, Citi refused Plaintiffs' request, saying instead that it believed a meet-and-confer on the issue would be "more productive" following service of the Second R&Os.  During a conferral following the service of the Second R&Os on June 8, 2026, Citi again refused to add the additional custodians.

15.     Plaintiffs now bring this Cross-Motion to respectfully request that the Court address

6

the disputes identified in paragraphs 21–36 below concerning the substance of the parties' search term and custodian negotiations.

**B.      *Remaining Temporal Scope Disputes As To Plaintiffs' First RFPs***

16.      The parties continue to dispute the date ranges applicable to certain of Plaintiffs' First RFPs.  The most significant remaining dispute (*see infra* ¶ 35) is whether the end date should be in 2014 or 2016 for 18 of the First RFPs.  Plaintiffs believe that, for these requests, the end date for production should be February 26, 2016, when they filed the first complaint in this action.  Citi believes that, for these requests, the end date should be in July 2014, five months after the fraud in this case became public.  As discussed below, certain other disputes on the start dates and end dates remain as well (*see id.*).[2]

17.      Plaintiffs now bring this Amended Cross-Motion for Hearing to respectfully request that the Court address the remaining temporal scopes in dispute, as listed below (*infra* ¶¶ 35–36).  Resolution of these disputes is particularly urgent given Citi's insistence that it will not fully engage on search terms until all date range issues are fully resolved—a sequencing approach that, if left unaddressed, will continue to delay the start of any meaningful document production.

**C.      *The Second R&Os***

18.      In the Second R&Os, Citi declined to make any new production in response to the

---

[2]   The Court previously ordered that it would decide Plaintiffs' temporal scope issues on a request-by-request basis. [ECF No. 279 ¶ 1].  Following the November 20, 2025, Discovery Hearing, the Court explicitly "reserve[d] ruling" on the remainder of the issues Plaintiffs raised regarding the First RFPs, allowing Plaintiffs to "raise them at a future date." [*Id.* ¶ 15].  Plaintiffs did so, re-raising issues (including the temporal scopes) in their Cross-Motion for hearing prior to the January 22, 2026, Discovery Hearing. [ECF No. 266].  At the conclusion of that hearing, the Court "table[d]" any outstanding temporal scope issues, and the parties agreed to continue discussing the issue. [ECF No. 274 at 218:9-220:11].  As instructed, the parties did extensively confer on the temporal scope issue, but they have been unable to reach a resolution.

vast majority of Plaintiffs' Requests. Instead, Citi stated that it believed many of those requests were duplicative of one or more prior requests, and that its production in response to those requests may result in the production of documents relevant to the Second Requests.

19. During conferrals on June 8, 9, and 11, Plaintiffs and Citi agreed that Plaintiffs would reserve their right to object to Citi's productions in response to the Second RFPs until after Citi has substantially completed its production in response to the First RFPs. Notwithstanding that reservation, as for the Requests identified in paragraph 41, Plaintiffs request an order compelling production because they do not see how Citi's production in response to their First RFPs could conceivably be sufficient to cover those Requests. Citi also objected to Plaintiffs' temporal scope for the Second RFPs, as explained in paragraph 37.

**Categories Of Discovery Matters To Be Heard**

20. Despite the good-faith efforts at resolution described above, the parties remain at an impasse with regard to the following issues:

A.     *Custodians*

21. *First,* Citi has attempted to reduce the number of undisputed custodians from 53 to 45 by retroactively withdrawing 8 custodians it offered on March 20, 2026. As set forth in paragraph 7 above, Citi offered these custodians, Plaintiffs accepted them, Citi's subsequent correspondence treated 53 as the operative number, and Citi raised no objection when Plaintiffs represented to this Court that there are 53 undisputed custodians. The 8 custodians at issue are: (1) Vanessa Maricela Ramirez Segura, (2) Ricardo Garcia Salgado, (3) Sergio Torres-Lebrija, (4) Guillermo Perez-Elizundia, (5) Leonor Cuen, (6) Jesus Fernandez Wilburn, (7) Guillermo Gomez Tejero, and (8) Miguel Angel Gonzalez Barrales. Notably, all 8 of these custodians are individuals from Citi's own list of 29 employees who were disciplined or terminated following Citi's internal

review—a list that Citi's counsel described to this Court as "a very good faith list" of people who "had some responsibility for allowing Citi to be defrauded."  (Nov. 20 Hearing Tr. 117:9–119:6).

22.     Plaintiffs respectfully request an order confirming that these 8 individuals are undisputed custodians and directing Citi to collect, search, and produce documents from all 53 agreed-upon custodians.  In the alternative, if the Court determines that these custodians are in dispute, Plaintiffs respectfully request that they be added to the custodian list.

23.     *Second*, Citi refuses to add 20 individuals to its list of custodians: (1) Jose Washington Mayobre, (2) Jose Angel Castillo-Guerrero, (3) Guadalupe Angelica Ruiz-Martinez, (4) Javier Artola, (5) Mark Clark, (6) Octavio Molmenti, (7) Esteban Mancuso, (8) Laura Berenice Pereda-Diaz, (9) Fernando Borja Mujica, (10) Ignacio Munoz de Cote, (11) Adolfo Anguiano Tellez, (12) Jose Marcello Antunes, (13) Christopher Robinson, (14) Eduardo Barrera Montañes, (15) Manuel Calvillo Aranda, (16) Raul Morgan, (17) Ricardo Mancilla, (18) Daniela Ortega Sosa, (19) Alejandro Rolon, and (20) Leslie Triulzi Chauvet.[3]

24.     Citi objects on several grounds, each of which rests in whole or in part on assertions about burden and proportionality.  Yet, Citi has refused to provide hit reports showing the number of documents responsive to Plaintiffs' proposed search terms for each disputed custodian, making it impossible for Plaintiffs to evaluate those assertions on the basis of actual data.  For example, Citi asserts that these custodians' documents would be "redundant or duplicative" of documents belonging to other, already-agreed custodians, and that some of these individuals reported to supervisors who are already on the custodian list.  A hit report would identify the non-unique hits

---

[3]     Plaintiffs have deferred, without prejudice to re-raising, their requests for 12 additional custodians identified through Plaintiffs' investigation to-date.  Citi agrees Plaintiffs' deferral is without prejudice to re-raising those custodians.

on these custodians' documents and thereby provide a means of assessing Citi's claim.

25.     Plaintiffs respectfully request an order that these 20 individuals be added to Citi's custodian list.  In the alternative, and at minimum, Plaintiffs respectfully request that Citi be required to produce hit reports—including unique hit counts deduplicated against agreed custodians—for each disputed custodian within 7 days, so that the parties, and if necessary the Court, can assess any burden or proportionality objections on the basis of actual data.  Plaintiffs further request that Citi be ordered to produce hit reports for the agreed-upon custodians, using Plaintiffs' proposed search terms, within 7 days—so that the parties have a baseline against which to evaluate the marginal burden (if any) of the disputed custodians.  This will enable the parties to resolve, or at least narrow, the remaining disputes—and provide this Court with a concrete means of evaluating any remaining dispute.

26.     *Third*, Citi refuses to add the individuals listed in Appendix A as custodians for this case, even though they were custodians during the related SEC investigation of Citi.

27.     Plaintiffs respectfully request an order compelling Citi to add the custodians identified in Appendix A.

28.     *Fourth*, Citi has not responded to Plaintiffs' repeated requests that Citi identify which of the custodians on Plaintiffs' initial proposal Citi contends are outside its possession, custody, or control for purposes of document production or testimony.  This includes the 20 disputed custodians identified above, as well as the 8 custodians identified in paragraph 21, and the remaining deferred custodians—all of whom Plaintiffs have clearly and repeatedly identified by name and title throughout the parties' negotiations on custodians.  Plaintiffs need this information so that they can determine whether third-party subpoenas or Hague Requests are necessary and plan accordingly within the discovery timeline the Court has set.  Separately, for

each of the custodians that Citi has agreed to, Plaintiffs have asked Citi to confirm whether it has the ability to produce that individual for deposition and trial.  Citi has not responded to this request either.

29.     Plaintiffs respectfully request an order directing Citi to identify, within 7 days, (1) which custodians on Plaintiffs' initial proposal—whether disputed, withdrawn, or deferred—Citi contends are outside its possession, custody, or control, and (2) which of the agreed-upon custodians, if any, it is unable to produce for deposition and trial.

30.     *Fifth*, Citi has sought a blanket reservation that it "reserves the right to limit certain custodians to specific RFPs," but has refused to identify which custodians it proposes to limit, which RFPs would apply, or the basis for any such limitation.  Plaintiffs respectfully request an order that Citi may not impose RFP-specific limitations on any custodian, or, in the alternative, that Citi identify any proposed RFP-specific custodian limitations, with specificity, within 7 days—or else waive such limitations.

31.     *Sixth*, Citi has sought to impose date restrictions on seven of its agreed-upon custodians:  (1) Francisco Aristeguieta: January 1, 2010 – February 26, 2016, (2) Michael Corbat: February 1, 2014 – December 31, 2014, (3) James A. Forese: January 1, 2012 – February 26, 2016, (4) Jeffrey Walsh: February 1, 2014 – December 31, 2014, (5) Samuel Libnic: February 1, 2014 – February 26, 2016, (6) Alberto Pandolfi: January 1, 2012 – March 1, 2014, and (7) Rodrigo Riveroll: March 1, 2013 – May 1, 2014.

32.     Plaintiffs respectfully request an order that these seven custodians be searched across the full date range applicable to the relevant First RFPs, without custodian-specific restrictions.  Alternatively, if any First RFP or custodian-specific date limitation remains in dispute following the June 17 hearing, Plaintiffs request that Citi be ordered to produce comparative hit

11

reports—using both Plaintiffs' and Citi's proposed temporal scopes—within 7 days of the hearing, so that the parties and the Court can assess any proportionality objections on the basis of actual data.

### B.       *Search Terms*

33.       ***Seventh***, Citi has refused to engage on Plaintiffs' proposed search terms.  Plaintiffs sent Citi a search term proposal on January 22, 2026.  Rather than respond substantively, Citi has characterized those terms as "facially absurd"—without providing any hit reports with unique hit counts to substantiate that characterization—and has stated that it will not engage on Plaintiffs' proposed search terms until all custodian and date range disputes are fully resolved. Citi's position reflects its broader insistence that custodians, date ranges, and search terms must be resolved sequentially rather than concurrently, an approach designed to delay production rather than advance it.  Plaintiffs maintain that their proposed search terms are proportionate to the needs of this case and that these negotiations must proceed in parallel.

34.       Plaintiffs respectfully request an order that: (1) Citi run Plaintiffs' proposed search terms across the documents of the agreed-upon custodians (and any additional custodians ordered by the Court) and produce hit reports within 7 days, so that the parties can evaluate any claimed burden on the basis of actual data; and (2) Citi propose specific revisions to Plaintiffs' search terms, identifying each term it contends is overbroad and offering a narrower alternative, so that the parties can negotiate further on an informed basis.

### C.    *Remaining Temporal Scope Disputes As To Plaintiffs' First RFPs*

35.    ***Eighth***, as to the temporal scope of the First RFPs, the parties continue to dispute

the following:

| Dispute | Affected RFPs | Parties' Proposals |
|---|---|---|
| **End Dates** | First RFP Nos. 2, 3A, 4, 10-12, 14-16, 18(1), 21, 28, 29, 32, 39, 50, 51, 58 | Plaintiffs have proposed an end date of February 26, 2016; Citi has proposed an end date of July 31, 2014.[4] |
| | First RFP Nos. 38, 43, and 44 | Plaintiffs have proposed an end date of the present; Citi has proposed an end date of February 26, 2016 |
| **Start Dates** | First RFP No. 34(2) | Plaintiffs have proposed a start date of July 1, 2007; Citi has proposed a start date of January 1, 2008 |
| | First RFP No. 39 | Plaintiffs have proposed a start date of January 1, 2008; Citi has proposed a start date of August 1, 2013 |
| | First RFP No. 49 | Plaintiffs have proposed a start date of January 1, 2008; Citi has proposed a start date of February 1, 2014 |
| | First RFP No. 53 | Plaintiffs have proposed a start date of January 1, 2008; Citi has proposed a start date of January 1, 2013 |

36.    Plaintiffs respectfully request an order adopting Plaintiffs' proposed date ranges for

each of the disputes identified above.  Alternatively, if any temporal scope remains in dispute

following the June 17 hearing, Plaintiffs request that Citi be ordered to produce comparative hit

reports—using both Plaintiffs' and Citi's proposed temporal scopes—within 7 days of the hearing,

so that the parties and the Court can assess any proportionality objections on the basis of data.

### D.    *Disputes Regarding the Second RFPs*

37.    ***Ninth***, as to the temporal scope of the Second RFPs, Plaintiffs instructed that Citi's

Responses should use a temporal scope of January 1, 2008, through February 26, 2016—with

certain Requests (RFPs 95, 110, 117, 118–120, 141–143, 152, 183, and 203) extending to the

---

[4]   As to First RFP Nos. 32, 50, and 58, Citi argues that discussions about the temporal scope are premature because it has objected categorically to any production.  But Citi has informed Plaintiffs that if productions are ordered in response to these three requests, it maintains that the relevant period should end on July 31, 2014.

present.  In the Second R&Os, Citi objected to this scope and stated that it was "willing to meet and confer with Plaintiffs regarding an appropriate and proportional temporal scope in connection with each Request during the parties' negotiation of the Search Parameters."  Second R&Os ¶ 9.

38.     The parties met and conferred on this issue on June 11, 2026.  Plaintiffs reiterated that the relevant period should be January 1, 2008, through February 26, 2016, besides for the subset of requests that must go to the present.  Citi declined, stating instead that negotiations would need to occur when the parties negotiate search parameters, including custodians and search terms.

39.     Plaintiffs respectfully request an order adopting Plaintiffs' proposed temporal scope for the Second RFPs, or, in the alternative, requiring Citi to provide Plaintiffs with proposed temporal scopes for each request in the Second RFPs within 7 days, without waiting until agreements on search terms and custodians are finalized.

40.     *Tenth*, as to many of the Second RFPs, Citi argued that they were duplicative of a prior request and thus Citi would not make a new production.  For all such requests, the parties agreed that Plaintiffs reserved their rights to review Citi's production in response to the First RFPs before raising a dispute.  However, for certain of the Second RFPs, Plaintiffs could not agree that the Second RFP could conceivably be covered by a First RFP, and thus they seek an order compelling a unique production in response to those Second RFPs.

41.     The RFPs for which Plaintiffs seek such an order are 60–78, 87, 89, 90, 91, 93–95, 109, 110, 126, 140–142, 151, 180, and 198.

42.     *Eleventh*, for certain other Second RFPs, there are unique outstanding disputes:

a.     RFP 79: Citi refuses to search in response to this RFP beyond the scope of Citi's "role as trustee for the 2008 Oceanografía Bond Issuance," including as to communications

14

regarding Pemex or a Plaintiff.

b.      RFP 125: Citi refuses to produce materials concerning Advent unless the production is limited to the Advent Presentation, as defined in the operative Complaint.

c.      RFP 152: Citi will respond to this request but preemptively refuses to add any additional custodians for it.

d.      RFP 175: Citi maintains that the Court's prior ruling limiting a related request that sought materials related to Pemex suppliers and vendors applies to this request as well. *See* Nov. 20, 2025 Hearing Tr. 104:1–2.

e.      RFP 203: Citi refuses to produce materials produced by third parties in a related action entitled *Díaz-Álvarez v. Citigroup Inc.*, No. 2019-036259-CA-01 (Fla. 11th Jud. Cir.).

43.     Plaintiffs respectfully request an order compelling Citi to produce in response to the RFPs identified in paragraphs 41–42 without regard to Citi's objections.

*      *      *

44.     Plaintiffs understand that argument against Citi's positions is not appropriate in this Motion and will present their arguments at the discovery hearing Wednesday, June 17, 2026, at 9:30 A.M.

45.     Pursuant to Paragraph 3(d) of the Discovery Order, Plaintiffs will submit to Chambers via PDF to torres@flsd.uscourts.gov, no later than noon on Monday, June 15, 2026, the following: (1) the First RFPs and First R&Os at issue; (2) the Second RFPs and Second R&Os; (3) a proposed order identifying the specific relief requested; and (4) any supporting materials.

WHEREFORE, Plaintiffs respectfully request that the Court enter an Order adding the issues identified above to the discovery hearing with the Honorable Magistrate Judge Edwin G.

Torres on Wednesday, June 17, 2026, at 9:30 A.M. to address the issues raised herein.

## CERTIFICATE OF CONFERRAL

Pursuant to Local Rule 7.1(a)(3), undersigned counsel certify that they have conferred with counsel for Citi via e-mail and by Zoom in a good-faith effort to resolve the discovery issues described above but have been unable to reach a resolution.

Dated:  June 11, 2026

Respectfully submitted,

QUINN     EMANUEL     URQUHART     &
SULLIVAN, LLP

By:  /s/ *Juan P. Morillo*

Juan P. Morillo (Fla. Bar No. 135933)
Gabriel F. Soledad (*pro hac vice*)
Derek L. Shaffer (*pro hac vice*)
Lauren H. Dickie (*pro hac vice*)
David H. Needham (*pro hac vice*)
555 13th Street NW, Suite 600
Washington, D.C. 20004
Telephone: (202) 538-8000
juanmorillo@quinnemanuel.com
gabrielsoledad@quinnemanuel.com
derekshaffer@quinnemanuel.com
laurendickie@quinnemanuel.com
davidneedham@quinnemanuel.com

Laura N. Ferguson (Fla. Bar No. 1047701)
2601 S. Bayshore Dr., Ste. 1550
Miami, FL 33133
Telephone: (305) 402-4880
lauraferguson@quinnemanuel.com

Samantha I. Gillespie (*pro hac vice*)
295 Fifth Avenue, 9th Floor
New York, NY 10016
Telephone: (212) 849-7000
samanthagillespie@quinnemanuel.com

Vasundhara Ziemba-Prasad (*pro hac vice*)
111 Huntington Ave., Ste. 520
Boston, MA 02199
Telephone: (617) 712-7100
vasundharaprasad@quinnemanuel.com

HOMER BONNER JACOBS ORTIZ, P.A.

Peter W. Homer (Fla. Bar No. 291250)
Gregory J. Trask (Fla. Bar No. 0055883)
Kevin P. Jacobs (Fla. Bar No. 169821)
1200 Four Seasons Tower

17

1441 Brickell Avenue
Miami, Florida 33131
Telephone: (305) 350-5100
phomer@homerbonner.com
gtrask@homerbonner.com
kjacobs@homerbonner.com

*Counsel for Plaintiffs*

**Appendix A**

| No. | Name |
|-----|------|
| 1 | John Davidson |
| 2 | John Gerspach |
| 3 | Brad Hu |
| 4 | Brian Leach |
| 5 | Julie Bell Lindsay |
| 6 | Anita Romero |
| 7 | Edward Skyler |
| 8 | Rohan Weerasinghe |
| 9 | Greg Frenzel |
| 10 | Emma Bredin |
| 11 | Denise Riley |
| 12 | Naveed Sultan |
| 13 | James Heckler |
| 14 | Susan Kendall |
| 15 | Eric Aboaf |
| 16 | Mark Carawan |
| 17 | Paul Lane |
| 18 | Elizabeth Sacksteder |
| 19 | Kevin Thurm |
| 20 | Richard Evans |
| 21 | Senthil Kumar |
| 22 | Bo Hammerich |
| 23 | Art Defaa |
| 24 | Blake Haider |
| 25 | James Williams |
| 26 | Jack Moore |

| No. | Name |
| --- | --- |
| 27 | Robert Breeden |
| 28 | Brent Chamberlain |
| 29 | Linda Choi |
| 30 | Darren Jarvis |
| 31 | Vincent LaScala |
| 32 | Diana Lozano |
| 33 | Melissa Tilghman |
| 34 | Nicole Gullatt |
| 35 | Robert Traficanti |
| 36 | Pam Calo |
| 37 | Linda Bergen |
| 38 | David Montano |
| 39 | Humberto Sordo |
| 40 | Jorge Luis Burgos Martinez |
| 41 | Begona Gonzalez Barragan |
| 42 | Maricruz Santamaria Carranza |
| 43 | Luis David Lara Gomez |
| 44 | Fernando Gabriel Pena Rodriguez |
| 45 | Fernando Laureano Martinez Vega |
| 46 | Claudia Perez Penuelas |
| 47 | Juan Joaquin Munoz de Cote Navarro |
| 48 | Carlos Garcia Roblesgil |
| 49 | Eduardo Solorzano |
| 50 | Bonnie Goldblatt |
| 51 | Alejandro David Ortigosa Kurian |
| 52 | Maria del Pilar Garcia Talavera |
| 53 | Hector Hoyo Rodriguez |

| No. | Name |
|-----|------|
| 54 | Karla Marquez Lopez |
| 55 | Victor Merigo Aguilar |
| 56 | Manuel De Jesus Paullada Nevarez |
| 57 | Maria Magdalena Iriarte |
| 58 | Marisol Terrazas Govea |
| 59 | Alejandro Zirion Quijano |
| 60 | Roberto Contreras Martinez |
| 61 | Jose Madrid Martinez |
| 62 | Alejandro Correa |
| 63 | Martha Alicia Nunez Medina |
| 64 | Tania Recinos Villegas |
| 65 | Francisco Ventura |
| 66 | Alfredo Izaguirre Castro |
| 67 | Andres Fuentes |
| 68 | Ernesto Torres-Landa Lopez |
| 69 | Jose Maria Zubiria |
| 70 | Eduardo Cruz |
| 71 | John Monaghan |
| 72 | Javier Guerra |
| 73 | Michael DelGuidice |
| 74 | Sheri Levine Shea |
| 75 | Rosy Corral |
| 76 | Carlos Roblesgil |