**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**Miami Division**

**CASE NO. 16-20725-CIV-GAYLES-TORRES**

OTTO CANDIES, LLC, et al.,

      Plaintiffs,

      v.

CITIGROUP INC.,

      Defendant.

**PLAINTIFFS' MOTION FOR ENTRY OF ORDER**
**FOLLOWING JUNE 17, 2026 MOTION TO DISMISS HEARING**

Pursuant to the Honorable Magistrate Judge Edwin G. Torres's instruction at the June 17, 2026 hearing [ECF No. 327], Plaintiffs respectfully submit this motion to establish the outcome from the Parties Motion to Dismiss hearing, which include: timing of Citi's answer to the Third Amended Complaint and a briefing schedule on Citi's challenge to Plaintiff Nordic Trustee's standing.  In support, Plaintiffs state as follows:

1.      On June 17, 2026, this Court heard argument on Citi's Motion to Dismiss the Third Amended Complaint [ECF No. 190] ("Motion to Dismiss").  The Court confirmed that the only Motion to Dismiss issue left unresolved by the Eleventh Circuit's reversal and remand [ECF No. 215] concerns Citi's challenge to the domestic injury element of Plaintiffs' RICO claim.  Hr'g Tr., June 17, 2026, at 81:24-82:4, 102:18-19.  The Court further stated that it would issue a Report and Recommendation on that issue promptly.  *Id.* at 280:4-6.

2.      Plaintiffs raised, as they have at previous hearings, that despite being over 10

months into discovery, Citi had not yet answered the Third Amended Complaint, and asserted that Citi should do so without delay. *Id.* at 107:20-23. The Court asked that the Parties meet and confer on the timing of Citi's answer. *Id.* at 108:1-24.

3. In its supplemental submission concerning Nordic Trustee,[1] the Magistrate Judge determined that Citi was effectively challenging the Court's subject matter jurisdiction over Nordic Trustee, and thus it could not have been included in Citi's Motion to Dismiss or resolved by the Eleventh Circuit. *Id.* at 95:16-97:15. The Court nonetheless agreed to hear that issue separately and invited the Parties to brief the issue and provide any evidence or authority, including from an expert in Norwegian law, that they believe would assist the Court. *Id.* at 101:1-102:5. The Court expressly confirmed that resolution of the Nordic Trustee issue would not delay resolution of the single remaining Motion to Dismiss issue of RICO domestic injury, *id.* at 280:4-6, and ordered that the Parties meet and confer on a plan to address the foregoing issues, *id.* at 105:22-25, 108:1-24.

4. On June 23, 2026, June 25, 2026, and July 1, 2026, the Parties met and conferred pursuant to the Court's instruction on both the timing of the answer and Nordic Trustee's standing.

5. The Parties agreed that Citi should answer the Third Amended Complaint, in its entirety, within 30 days of a decision on the RICO domestic injury issue. However, the Parties could not agree on when Citi should be required to file its answer. Plaintiffs assert that Citi should answer within 30 days of this Court's Report and Recommendation on RICO domestic injury, but

---

[1] On August 13, 2025, following the Eleventh Circuit's reversal and remand, the District Court invited the Parties to provide any supplemental authority that the Court should consider regarding the remanded domestic injury issue. ECF No. 232, Status Conf. Tr., Aug. 13, 2025, at 24:3-19. On August 20, 2025 and September 10, 2025, the Parties filed those submissions. ECF Nos. 225, 231. Citi included in its submission purported supplemental authority concerning an argument it did not raise in its briefing before the Eleventh Circuit: that Nordic Trustee does not have standing to represent the 2013 Bondholder Plaintiffs. ECF No. 231 at 9.

Citi contends that it will not do so until the District Court rules on this Court's Report and Recommendation, including any objection to it. The problem, for which Citi offers no solution, is that the District Court could take a year or more to so rule. The District Court has taken almost exactly a year to rule on each of three prior motions to dismiss Citi filed.[2] In addition, specifically with respect to the this last remaining issue, the Eleventh Circuit indicated its expectation that the District Court would move this case along "in a timely fashion." ECF No. 215 at 81. But in the over nine months following completion of the Parties supplemental authority briefing on September 10, 2025 [ECF No. 231] and before the District Court's referral of the issue to this Court [ECF No. 313], the District Court did not rule on or otherwise progress this issue. Moreover, it will take time for the District Court to be in a position to begin its review. Once this Court issues its Report and Recommendation, Citi has all but assured Plaintiffs that it will file an objection if the Report and Recommendation denies its motion (and Plaintiffs reserve the right to do the same in the inverse circumstance). That briefing, alone, would take at least a month. All of the foregoing makes it reasonable for Plaintiffs to be concerned that they will be deprived of their right to seek discovery into Citi's answer and any affirmative defenses, or be prejudiced by either being permitted to take discovery late in the discovery schedule in a compressed time period or accept a schedule modification at that time.

6.      Regarding Nordic Trustee's standing, the Parties were able to agree on a briefing schedule: Citi's motion by August 17, 2026, Plaintiffs' opposition by September 28, 2026, and Citi's reply by October 19, 2026. The Parties do not agree on the procedural rule pursuant to

---

[2] *See* ECF Nos. 91 (motion to dismiss reply filed 1/19/2017), 131 (Order on motion to dismiss filed 1/30/2018), 167 (motion to dismiss reply filed 12/21/2020), 183 (Order on motion to dismiss filed 12/21/2021), 195 (motion to dismiss reply filed 8/24/2022), 203 (Order on motion to dismiss filed 8/25/2023).

which Citi intends to file its motion, and Plaintiffs reserve all rights to challenge Citi's choice. The Parties agree that discovery as to Nordic Trustee should be stayed pending this Court's resolution of Citi's challenge to its standing.

7.      This motion is not joint because Citi contends that the issue of when they are required to file the answer is not appropriately included.  But that issue necessarily arose at the Motion to Dismiss hearing, upon the Court's ruling that it would promptly issue its Report and Recommendation on that motion.  Indeed, Plaintiffs squarely raised the issue during the Motion to Dismiss hearing on at least two different occasions, and the Court asked the Parties to meet and confer on it.  Hr'g Tr., June 17, 2026, at 108:1-24.  And that is why the Parties have met and conferred on that issue alongside the briefing schedule for the supplemental submission on Citi's challenge to Nordic Trustee's standing—if anything is not the obvious consequence of a Motion to Dismiss conference, it is the latter issue.  Accordingly, Plaintiffs submit the attached Proposed Order that includes both issues: their proposed timing for Citi's answer, and the Parties agreed briefing schedule for Citi's motion on Nordic Trustee's standing.

WHEREFORE, Plaintiffs respectfully request that the Court grant this Motion and enter the attached Proposed Order.

## CERTIFICATE OF CONFERRAL

Pursuant to Local Rule 7.1(a)(3), undersigned counsel certify that they have conferred with counsel for Citi via Microsoft Teams on June 23, 2026, June 25, 2026, and July 1, 2026 in a good-faith effort to resolve the issues described above.  Counsel could not reach agreement on the timing of Citi's answer, but agreed on a briefing schedule for Citi's motion challenging Plaintiff Nordic Trustee's standing, but could not reach agreement on the timing of Citi's answer.

4

Dated:  July 2, 2026                    Respectfully submitted,

                                        QUINN EMANUEL URQUHART & SULLIVAN, LLP

                                        By: /s/ *Juan P. Morillo*
                                        Juan P. Morillo (Fla. Bar No. 135933)
                                        Gabriel F. Soledad (*pro hac vice*)
                                        Derek L. Shaffer (*pro hac vice*)
                                        Samantha I. Gillespie (*pro hac vice*)
                                        Lauren H. Dickie (*pro hac vice*)
                                        David H. Needham (*pro hac vice*)
                                        555 13th St. NW, Ste. 600
                                        Washington, D.C. 20004
                                        Telephone: (202) 538-8000
                                        juanmorillo@quinnemanuel.com
                                        gabrielsoledad@quinnemanuel.com
                                        derekshaffer@quinnemanuel.com
                                        samanthagillespie@quinnemanuel.com
                                        laurendickie@quinnemanuel.com
                                        davidneedham@quinnemanuel.com

                                        Vasundhara Ziemba-Prasad (*pro hac vice*)
                                        111 Huntington Ave, Suite 520
                                        Boston, MA 02199
                                        Telephone: (617) 712-7100
                                        vasundharaprasad@quinnemanuel.com

                                        Laura N. Ferguson (Fla. Bar No. 1047701)
                                        2601 S. Bayshore Dr., Ste. 1550
                                        Miami, FL 33133
                                        Telephone: (305) 402-4880
                                        lauraferguson@quinnemanuel.com

                                        HOMER BONNER JACOBS ORTIZ, P.A.

                                        Peter W. Homer (Fla. Bar No. 291250)
                                        Gregory J. Trask (Fla. Bar No. 0055883)
                                        Kevin P. Jacobs (Fla. Bar No. 169821)
                                        1200 Four Seasons Tower
                                        1441 Brickell Avenue
                                        Miami, Florida 33131
                                        Telephone: (305) 350-5100
                                        phomer@homerbonner.com
                                        gtrask@homerbonner.com
                                        kjacobs@homerbonner.com

                                        *Counsel for Plaintiffs*

5