**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**Miami Division**

**CASE NO. 16-20725-CIV-GAYLES-TORRES**

|  |
|---|
| OTTO CANDIES, LLC, et al., |
| Plaintiffs, |
| v. |
| CITIGROUP INC., |
| Defendant. |

**DEFENDANT'S OPPOSITION TO PLAINTIFFS'**
**MOTION FOR ENTRY OF ORDER FOLLOWING JUNE 17, 2026**
**<u>MOTION TO DISMISS HEARING</u>**

Defendant Citigroup Inc. ("Citigroup") respectfully submits this opposition to Plaintiffs' Motion for Entry of Order Following June 17, 2026 Motion to Dismiss Hearing ("Mot.") [ECF No. 329].  Plaintiffs' Motion should be denied because it contravenes the Federal Rules and orderly procedure by demanding that Citigroup file its answer to the Third Amended Complaint [ECF No. 187] ("TAC") before the RICO domestic injury issue has been resolved by the District Court.

\* \* \*

The Parties agree that Citigroup should answer the TAC, in its entirety, within 30 days of a "decision" on the RICO domestic injury issue.  Mot. ¶ 5.  But Plaintiffs contend that the "decision" triggering Citigroup's time to answer should be Magistrate Judge Torres' report and recommendation, rather than Judge Gayles' resolution of any objections that either of the Parties might file to that report and recommendation.  Plaintiffs cite no authority and offer no valid reason

for their unorthodox request.

The Federal Rules of Civil Procedure establish that Citigroup's answer is not due until the District Court resolves the pending domestic injury issue.  Specifically, under Federal Rule of Civil Procedure 12(a)(4), when a Rule 12 motion has been filed, the time to serve a responsive pleading does not begin to run until "notice of the court's action" on the motion.  This is so even when a partial motion to dismiss, or a motion to dismiss that addresses only one of many claims, is pending.  *See, e.g.*, *Salas as Tr. of Salas Children Tr. v. Commonwealth Land Title Ins. Co.*, 2022 WL 1630988, at *3 (N.D. Fla. Apr. 5, 2022), *report and recommendation adopted sub nom. Salas v. Commonwealth Land Title Ins. Co.*, 2022 WL 2104498 (N.D. Fla. June 9, 2022) ("Indeed, even when a 12(b)(6) motion to dismiss does not address every claim in a complaint, the majority of courts, including a court in this District, have found a separate answer addressing the other claims to be unnecessary because the motion to dismiss tolls the answer deadline."); *Jacques v. First Liberty Ins. Corp.*, 2016 WL 3221082, at *1 (M.D. Fla. June 9, 2016) (collecting cases).

In the context here, the relevant "action" triggering Citigroup's answer is the District Court's resolution of the remanded motion to dismiss issues – not the Magistrate Judge's report and recommendation.  The reason is straightforward: a report and recommendation on a dispositive motion does not have legal effect unless and "until the district judge accepts the magistrate's report and recommendation and enters an order or judgment." *United States v. Fleming*, No. 3:09-cv-153-J-34HTS, 2009 WL 10671227, at *3-4 (M.D. Fla. Dec. 1, 2009); *see, e.g.*, *Perkins v. Primus*, No. 20-14008-F, 2021 WL 1608746, at *1 (11th Cir. 2021) (magistrate judge's report and recommendation was not appealable because the district court had not adopted it); *Walker v. Wexford Health Sources, Inc.*, No. 6:22-cv-00043-MHH-JHE, 2026 WL 826832, at *2 & n.4 (N.D. Ala. 2026) ("The magistrate judge's report and recommendation did not trigger the 30-day period.

2

The 30-day period begins to run on the date of the dismissal order in this case.").

Plaintiffs' arguments for deviation from these well-established rules are not well-taken. First, Plaintiffs complain that "the District Court could take a year or more" to rule on objections to the Magistrate Judge's report and recommendation. Mot. ¶ 5. This speculation ignores that Judge Gayles recently ruled on objections to Judge Torres' discovery orders promptly upon the completion of briefing. *See, e.g.*, Order on Plaintiffs' Objections to Certain Aspects of the Discovery Orders from February 11, 2026 [ECF No. 307] (entered within five days of Plaintiffs' reply). More importantly, the theoretical "delay" of which Plaintiffs complain is part-and-parcel of the process whereby a District Court reviews a Magistrate Judge's report and recommendation before the report and recommendation has any legal effect. It is not a basis to deviate from the Federal Rules.

Second, Plaintiffs profess concern that they will somehow be prejudiced or deprived respecting "discovery into Citi's answer and any affirmative defenses." Mot. ¶ 5. This is baseless. The pace and volume of discovery that Plaintiffs have to-date demanded has not been hampered or hindered by the timing of Citigroup's answer. Moreover, the Parties have largely come to ground on custodians, are in the process of negotiating the search terms that will be applicable to the entire case, and have been making rolling productions for months. There is no reason to believe that Citigroup's answer could legitimately entitle Plaintiffs to yet even more discovery than they already are seeking, much less that the filing of the answer when required by the Federal Rules could prejudice or deprive Plaintiffs of any proper discovery.

Plaintiffs' position is not only unsupported, it is also inefficient. The District Court reviews *de novo* any portion of a report and recommendation as to which objection is made, and thus may accept, reject, or modify the recommendation in whole or in part. 28 U.S.C. § 636(b)(1). As a

3

result, any recommendation by the Magistrate Judge on the RICO domestic injury issue is not determinative until the District Court acts. Accordingly, an answer to Plaintiffs' 1,977 paragraph TAC based on the report and recommendation could be rendered moot if the District Court were (in whole or in part) to reject or modify the report and recommendation. This would result in precisely the kind of wasteful pleading practice the Federal Rules seek to avoid.

For the foregoing reasons, Citigroup respectfully submits that the Court should deny Plaintiffs' motion to require Citigroup file its answer to the TAC before the District Court has resolved any objections that may be filed to the Magistrate Judge's report and recommendation on the domestic injury issue.

Dated:  July 9, 2026

Respectfully submitted,

By: *Manuel A. Garcia-Linares*

Adam S. Hakki, *pro hac vice*
John Gueli, *pro hac vice*
John Nathanson, *pro hac vice*
ALLEN OVERY SHEARMAN
STERLING US LLP
599 Lexington Avenue
New York, New York 10022
Tel: (212) 848-4000
adam.hakki@aoshearman.com
jgueli@aoshearman.com
john.nathanson@aoshearman.com

Michael P. Mitchell, *pro hac vice*
ALLEN OVERY SHEARMAN
STERLING US LLP
1101 New York Avenue, NW
Washington, D.C. 20005
Tel: (202) 508-8000
michael.mitchell@aoshearman.com

Manuel A. Garcia-Linares
DAY PITNEY LLP
396 Alhambra Circle, 14th Floor
Miami, Florida 33134
(305) 373-4000
mgarcialinares@daypitney.com
gthompson@daypitney.com

*Counsel for Defendant Citigroup Inc.*

## <u>CERTIFICATE OF SERVICE</u>

I certify that on July 9, 2026, I electronically filed the foregoing with the Clerk of Court

using the CM/ECF system, which will send notification of such filing to CM/ECF participants.


By: _*Manuel A. Garcia-Linares*_
Manuel A. Garcia-Linares