**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**Miami Division**

**CASE NO. 16-20725-CIV-GAYLES-TORRES**

OTTO CANDIES, LLC, et al.,

       Plaintiffs,

       v.

CITIGROUP INC.,

       Defendant.

**LETTER OF REQUEST PURSUANT TO THE HAGUE EVIDENCE CONVENTION
TO OBTAIN DOCUMENTARY EVIDENCE AND TESTIMONY FROM:**

**<u>PARETO SECURITIES AS AND PARETO SHIPBROKERS AS</u>**

The United States District Court for the Southern District of Florida, in Miami-Dade County, United States of America, presents its compliments to the appropriate judicial authority of Norway and requests international judicial assistance to obtain evidence to be used in a civil proceeding before this Court in the above-captioned matter.

This Court requests that the appropriate judicial authority of Norway compel the production of documents and testimony from Pareto Securities AS and Pareto Shipbrokers AS. The assistance described below is necessary in the interests of justice.

1. **Sender**

   Hon. Darrin P. Gayles
   Wilkie D. Ferguson, Jr. U.S. Courthouse
   400 North Miami Avenue
   Miami, Florida 33128
   United States of America

1

2. **Central Authority of the Requested State**

The Norwegian Civil Affairs Authorities
(Statens sivilrettsforvaltning)
Registered office address: Holbergs gate 1, 0166 Oslo
Postal address: Postboks 2105 Vika, 0125 Oslo
Norway

3. **Persons to Whom Executed Request Is to Be Returned**

Manuel A. Garcia-Linares
Georgia A. Thompson
DAY PITNEY LLP
396 Alhambra Circle
North Tower, 14th Floor
Miami, Florida 33134
(305) 373-4000
mgarcialinares@daypitney.com
gthompson@daypitney.com

4. **Date by Which Requesting Authority Requires Response to the Letter of Request**

This Court requests receipt of a response to this request as soon as reasonably practicable,

consistent with your calendar and the laws of Norway.

**In conformity with Article 3 of the Convention, the undersigned applicant has the honor to submit the following request:**

5. **Background Information**

   A. **Requesting Judicial Authority**

   United States District Court, Southern District of Florida
   Wilkie D. Ferguson, Jr. U.S. Courthouse
   400 North Miami Avenue
   Miami, Florida 33128
   United States of America

   B. **To the Competent Authority of**

   Oslo, Norway

   C. **Case Name and Number**

   *Otto Candies, LLC, et al. v. Citigroup Inc.*, Case No. 16-cv-20725-GAYLES-TORRES.

2

**6.     Identities of the Parties and Their Representatives**

A lawsuit is currently pending in the United States District Court for the Southern District of Florida, in Miami-Dade County, between the Plaintiffs listed below and Defendant Citigroup Inc.  The addresses of these parties and their counsel are as follows:

**A.     Plaintiffs**

Plaintiffs

Otto Candies, LLC

Adar Macro Fund Ltd.

Ashmore Emerging Markets Debt and Currency Fund Limited
Ashmore Emerging Markets High Yield Plus Fund Limited
Ashmore Emerging Markets Tri Asset Fund Limited
Ashmore SICAV in Respect of Ashmore SICAV Emerging Markets Corporate Debt Fund
Ashmore SICAV in Respect of Ashmore SICAV Emerging Markets Debt Fund
Ashmore SICAV in Respect of Ashmore SICAV Emerging Markets High Yield Corporate Debt Fund

Coastline Maritime Pte. Ltd.
Marfield Ltd. Inc.
Shanara Maritime International S.A.

Coöperatieve Rabobank U.A.

Copernico Capital Partners (Bermuda) Ltd.

Gulf Investments and Services Ltd.

Halani International Ltd.

HBK Investments L.P.
HBK Master Fund L.P.

Hoop Lobith International B.V.
Shipyard De Hoop B.V.

Máquinas Diesel S.A. de C.V.

Moneda Deuda Latinoamericana Fondo de Inversion
Moneda International Inc.

Moneda Latin American Corporate Debt
Moneda Renta CLP Fondo de Inversion
Moneda S.A. Administradora General de Fondos
Padstow Financial Corp.

Nordic Trustee AS

Waypoint Asset Management LLC

Counsel for Plaintiffs

QUINN EMANUEL URQUHART & SULLIVAN, LLP

Juan P. Morillo
Gabriel F. Soledad
Derek L. Shaffer
Lauren H. Dickie
David H. Needham
555 13th St. NW, Suite 600
Washington, DC 20004
Telephone: (202) 538-8000
juanmorillo@quinnemanuel.com
gabrielsoledad@quinnemanuel.com
derekshaffer@quinnemanuel.com
laurendickie@quinnemanuel.com
davidneedham@quinnemanuel.com

Laura N. Ferguson
2601 S. Bayshore Dr., Ste. 1550
Miami, FL 33133
Telephone: (305) 402-4880
lauraferguson@quinnemanuel.com

Samantha I. Gillespie
295 Fifth Avenue, 9th Floor
New York, NY 10016
Telephone: (212) 849-7000
samanthagillespie@quinnemanuel.com

Vasundhara Ziemba-Prasad
111 Huntington Ave, Suite 520
Boston, MA 02199
(617) 712-7100
vasundharaprasad@quinnemanuel.com

HOMER BONNER JACOBS ORTIZ, P.A.

Peter W. Homer
Gregory J. Trask
Kevin P. Jacobs
1200 Four Seasons Tower
1441 Brickell Avenue
Miami, Florida 33131
Telephone: (305) 350-5100
phomer@homerbonner.com
gtrask@homerbonner.com
kjacobs@homerbonner.com

## B.    Defendant Citigroup Inc.

Defendant Citigroup Inc.

Citigroup, Inc.
388 Greenwich Street
New York, NY 10013
USA

Counsel for Defendant

Manuel A. Garcia-Linares
Georgia A. Thompson
DAY PITNEY LLP
396 Alhambra Circle
North Tower, 14th Floor
Miami, Florida 33134
(305) 373-4000
mgarcialinares@daypitney.com
gthompson@daypitney.com

Adam S. Hakki
John Nathanson
ALLEN OVERY SHEARMAN STERLING US LLP
599 Lexington Avenue
New York, New York 10022
Tel: (212) 848-4000
adam.hakki@aoshearman.com
john.nathanson@aoshearman.com

Michael P. Mitchell
ALLEN OVERY SHEARMAN STERLING US LLP
1101 New York Avenue, NW
Washington, D.C. 20005
Tel: (202) 508-8000
michael.mitchell@aoshearman.com

## C.      Other Parties

None.

## 7.      Description of the Case

### A.      Nature of the Proceedings

This is a civil lawsuit involving allegations of violations of the Racketeer Influenced and Corrupt Organizations Act (the "RICO statute") at 18 U.S.C. § 1961, fraud, conspiracy, aiding and abetting fraud, and vicarious liability for fraud.

### B.      Summary of Complaint and Defenses Thereto

The case involves a dispute between Otto Candies, LLC, et al. ("Plaintiffs") and Citigroup Inc. ("Defendant").  Plaintiffs allege that Defendant, through its U.S.-based Institutional Clients Group ("ICG") and Mexican subsidiary Banco Nacional de México S.A. ("Banamex"), conspired with Oceanografía, S.A. de C.V. ("OSA") to orchestrate a fraudulent scheme utilizing a cash advance facility that Banamex established for OSA and that Plaintiffs allege was operated, managed, and supervised by the ICG, wherein OSA submitted false documents containing forged Pemex signatures to the ICG in support of cash advance requests relating to work purportedly performed by OSA for Pemex, Mexico's state-owned oil and gas company and OSA's only customer, and Citigroup, through the ICG, knowingly approved the false documentation and earned interest on the cash advances.  Plaintiffs are creditors of OSA, holders of bonds issued by OSA in 2008 and 2013, shipping and supplier companies that contracted with OSA, and a bank (Coöperatieve Rabobank U.A.) that provided a loan to OSA.  Plaintiffs allege, among others, that

6

Defendant made fraudulent misrepresentations and material omissions to Plaintiffs regarding OSA's financial condition, resulting in damages exceeding $1 billion upon OSA's collapse in 2014.

Defendant denies all allegations of misconduct and asserts that it was a victim of OSA's fraud. Defendant denies that it knew of OSA's fraud, denies that it orchestrated a fraudulent scheme, denies that it knowingly approved false documentation, denies that it made any fraudulent misrepresentations or material omissions, denies that it aided and abetted in making any fraudulent misrepresentations or material omissions, and denies that Plaintiffs reasonably relied on any statements made by Defendant, including because Plaintiffs had independent access to information about OSA's financial condition.

Pareto Securities AS and Pareto Shipbrokers AS are entities likely in possession of information relevant to the parties' claims and defenses in this case. Norwegian law does not permit the parties to obtain a court order compelling Pareto Securities AS and Pareto Shipbrokers AS to disclose this information on a standalone basis; under Norwegian law, such orders can generally only be issued in connection with pending Norwegian litigation. The Hague Convention is therefore the only available mechanism by which this information can be obtained from Pareto Securities AS and Pareto Shipbrokers AS.

Copies of the operative Third Amended Complaint, which sets forth Plaintiffs' allegations in full, are submitted together with this request. Citigroup has not yet filed an Answer.

8. **Evidence to be Obtained**

It is requested in the interests of justice, and to enable this Court to determine the issues pending before it, that the appropriate judicial authority of Norway compel, by its proper and usual process, the production of documents and testimony from Pareto Securities AS and Pareto Shipbrokers AS.

Specifically, this Court requires the production of documents in the possession, custody, or control of Pareto Securities AS and Pareto Shipbrokers AS (formerly Pareto JGO Shipbrokers AS) (collectively, "Pareto") regarding work they performed as part of an engagement by OSA to manage a bond issuance in 2013 ("2013 Bond Issuance") and subsequently as broker for the vessel OSA Goliath. This Court further requires testimony from a knowledgeable representative of Pareto on the topics set forth in Schedule B, attached hereto.

The specific document requests are set forth in Schedule A, attached hereto. The specific topics on which testimony is sought are set forth in Schedule B, attached hereto.

Furthermore, pursuant to Article 10 of the Hague Convention, this Court requests and gives the appropriate judicial authority the necessary capacity to impose any enforcement measures applicable under the procedural laws of Norway, which suffice to ensure that Pareto complies with the production of documents and testimony referred to herein.

9. **Identity and Addresses of Person to be Examined or Person From Whom Documents are Requested**

Pareto Securities AS
Dronning Mauds Gate 3
P.O. Box 1411 Vika
N-0115 Oslo
Norway

Pareto Shipbrokers AS
Dronningens Gate 3
P.O. Box 234
N-4663 Kristiansand
Norway

10. **Questions to be put to the persons to be examined or statement of the subject-matter about which they are to be examined**

This Court requests that a knowledgeable representative of Pareto Securities AS and Pareto Shipbrokers AS be examined on the topics set forth in Schedule B, attached hereto. The

8

examination shall be conducted by counsel for the parties, subject to any procedures required by Norwegian law.

**11.     Documents or Other Property to be Inspected**

Please see Schedule A, attached.

**12.     Any Requirement that the Evidence be Given on Oath or Affirmation and Any Special Form to be Used**

This Court respectfully requests that the documents produced be accompanied by a declaration, in accordance with the following Rule 803(6) of the U.S. Federal Rules of Evidence, certifying that the documents provided are business records.  Specifically, this Court respectfully requests that an authorized representative of Pareto provide a declaration stating, as to all produced documents, that:

(A) They are records kept by Pareto Securities AS and/or Pareto Shipbrokers AS in the ordinary course of business;

(B) It is the regular practice of Pareto Securities AS and/or Pareto Shipbrokers AS for an employee or representative with knowledge of the matters discussed to make such records and or to transmit information to be included in such records;

(C) The records were made at or near the time of the occurrence of the matters set forth in the records, by employees or representatives with knowledge of those matters; and

(D) The records produced are originals or exact copies of the originals.

**13.     Special Methods or Procedures to be Followed**

This Court requests that the evidence produced pursuant to your enforcement of this request shall not be used by anyone in any manner or proceeding other than in this matter, *Otto Candies, LLC, et al. v. Citigroup Inc.*, Case No. 16-cv-20725-GAYLES-TORRES, pending in the United States District Court for the Southern District of Florida.

This Court further requests that the testimony be taken under oath or affirmation, or under such procedures as are customary under the laws of Norway for the examination of witnesses. This Court requests that counsel for the parties be permitted to examine and cross-examine the witness(es), and that a verbatim transcript or recording of the testimony be prepared and transmitted to this Court together with the documentary evidence produced pursuant to Schedule A.

**14.     Request for Notification of the Time and Place for the Execution of the Request**

In conformity with Article 7, this Court respectfully requests that the Court be timely advised of the Norwegian Court's decisions with respect to the aforementioned requests and to ensure that all participants are advised of the date and location of the Norwegian hearing for the execution of the Request. Please send notice of the time and place of the examination of the witness and the time and place of the production of documents to this Court and the parties' counsel, as follows:

Hon. Darrin P. Gayles
Wilkie D. Ferguson, Jr. U.S. Courthouse
400 North Miami Avenue
Miami, Florida 33128
United States of America

Juan P. Morillo
Gabriel F. Soledad
David H. Needham
Quinn Emanuel Urquhart & Sullivan, LLP
555 13th St. NW, Suite 600
Washington, DC 20004
Telephone: (202) 538-8000
juanmorillo@quinnemanuel.com
gabrielsoledad@quinnemanuel.com
davidneedham@quinnemanuel.com

Manuel A. Garcia-Linares
Georgia A. Thompson
DAY PITNEY LLP
396 Alhambra Circle

North Tower, 14th Floor
Miami, Florida 33134
(305) 373-4000
mgarcialinares@daypitney.com
gthompson@daypitney.com

15.    **Request for Attendance or Participation of Judicial Personnel**

No attendance or participation of judicial personnel is requested.

16.    **Specification of Privilege or Duty to Refuse to Give Evidence Under the Law of the State of Origin**

Pareto may assert any privilege or duty to refuse to produce documents or provide testimony that is recognized under the laws of the United States or the laws of Norway.

17.    **Reimbursements of Fees and Costs**

If Norwegian authorities and Norwegian law require the fees and costs in connection with the execution of Letters of Request to be covered, they will be covered by the Parties listed herein.

18.    **Reciprocity**

This Court appreciates the judicial authority's assistance in obtaining evidence in this matter. This Court is willing to provide similar assistance to judicial authorities in Norway should a judicial authority in Norway so require.


WITNESS, the Honorable Darrin P. Gayles: District Judge in the United States District Court for the Southern District of Florida, County of Miami-Dade, and the seal thereof:

Dated:    _07/20/2026_              _____
                                    Hon. Darrin P. Gayles

11

## SCHEDULE A

## DOCUMENT REQUESTS TO
## PARETO SECURITIES AS AND PARETO SHIPBROKERS AS

## DEFINITIONS AND INSTRUCTIONS

As used herein, the words and phrases set out below shall have the following meanings:

### 1.    DEFINITIONS

1.    "2013 Bond Issuance" means the bond issuance by OSA (as defined below) in 2013.

2.    "Banamex" means Banco Nacional de Mexico S.A., Grupo Financiero Banamex S.A. de C.V., their affiliates, and any person or entity acting, or purporting to act, on their behalf.

3.    "Citibank" means Citibank, N.A. and any person or entity acting, or purporting to act, on its behalf.

4.    "Citigroup" means Citigroup Inc., its affiliates, including but not limited to Banamex and Citibank, and any person or entity acting, or purporting to act, on its behalf.

5.    "Cash Advance Facility" means any cash advance facility pursuant to which OSA obtained cash advances from Banamex or Citigroup based on receivables from contracts between OSA and Pemex.

6.    "Document(s)" is used in its broadest sense and means, without limitation, all writings in any form, call logs, calendars, correspondence, address books, date books, diaries, letters, facsimiles, manuals, memoranda, notes (including handwritten notes), reports, records, drawings, graphs, charts, photographs, presentation slides, sound recordings, images, video recordings, telephone records, electronic mail messages, instant messages, text messages, spreadsheets, databases, any and all other forms of electronic communication, and all other data or data compilations of any nature whatsoever stored in any medium (including those from which information can be obtained or translated if necessary into a reasonably useable form). For the

avoidance of doubt, "Document(s)" includes all originals of any nature whatsoever and all non-identical copies thereof, whether different from the originals by reason of any notation made on such copies or otherwise.

7. "Mexican Trust Agreement" refers to the agreement executed on October 17, 2013, between OSA (through its subsidiary Goliath Ltd.), Nordic Trustee, and Banamex.

8. "Norsk Tillitsmann AS" and "Nordic Trustee AS" mean and refer to Plaintiff Nordic Trustee AS, the trustee of the OSA Bonds (as defined below), and each and all of their respective current and former subsidiaries, affiliates, divisions, predecessors, successors, employees, managers, officers, directors, shareholders, investors, partners, general partners, limited partners, members, agents, advisors, representatives, attorneys, accountants, consultants, independent contractors or any other Person or entity acting, or purporting to act, with or on behalf of any of the foregoing.

9. "Oceanografía" or "OSA" means and refers to Oceanografía, S.A. de C.V. and each and all of its current and former parents, owners, subsidiaries, affiliates, divisions, predecessors, successors, employees, managers, officers, directors, shareholders, partners, general partners, limited partners, members, agents, representatives, attorneys, accountants, consultants, independent contractors or any other person or entity acting, or purporting to act, with or on behalf of any of the foregoing, including but not limited to, and by way of example only, Yáñez (defined below) and OSA's External Financial Consultant (Martin Díaz Álvarez).

10. "OSA Bonds" means the bonds issued by OSA on October 9, 2013, with Nordic Trustee serving as the trustee of the bonds.

11. "OSA Bondholder" or "Bondholder" means an individual or entity that holds or owns OSA Bonds (as defined above).

12.     "Pemex" means and refers to Petróleos Mexicanos, S.A. de C.V. and each and all of its current and former parents, owners, subsidiaries, affiliates, divisions, predecessors, successors, employees, managers, officers, directors, shareholders, partners, general partners, limited partners, members, agents, representatives, attorneys, accountants, consultants, independent contractors or any other person or entity acting, or purporting to act, with or on behalf of any of the foregoing.

13.     "Plaintiff" means any current or former plaintiff in the action, including Otto Candies, LLC, Candies Mexican Investments S. de R.L. de C.V., Blue Marine Shipping II, S.A. de C.V., Calvi Shipping C.V., Ocean Mexicana, S.A. de C.V., Coastline Maritime Pte. Ltd., Marfield Ltd. Inc., Shanara Maritime International S.A., Gulf Investments and Services Ltd., Halani International Ltd., Shipyard de Hoop B.V., Hoop Lobith International B.V., Máquinas Diesel S.A. de C.V., Adar Macro Fund Ltd., EIG Global Project Fund II, Ltd., ICE Canyon LLC, ICE 1 EM CLO Limited, ICE Focus EM Credit Master Fund Limited, ICE Global Credit Alpha Master Fund Limited, ICE Global Credit (DCAM) Master Fund Limited, ICE Oryx Alpha Master Fund Limited, Waypoint Asset Management LLC, Ashmore Emerging Markets Corporate High Yield Fund Limited, Ashmore Emerging Markets Debt and Currency Fund Limited, Ashmore Emerging Markets High Yield Plus Fund Limited, Ashmore Emerging Markets Special Situations Opportunities Fund Limited Partnership acting through its General Partner Ashmore Emerging Markets Special Situations Opportunities Fund (GP) Limited, Ashmore Emerging Markets Tri Asset Fund Limited, Ashmore SICAV in respect of Ashmore SICAV Emerging Markets Corporate Debt Fund, Ashmore SICAV in respect of Ashmore SICAV Emerging Markets Debt Fund, Ashmore SICAV in respect of Ashmore SICAV Emerging Markets High Yield Corporate Debt Fund, Copernico Capital Partners (Bermuda) Ltd., HBK Investments L.P., HBK Master Fund L.P.,

3

Larraín Vial S.A. Sociedad Administradora de Fondos de Inversión, Moneda International Inc., Moneda Latin American Corporate Debt, Padstow Financial Corp., Moneda S.A. Administradora General de Fondos, Moneda Deuda Latinoamericana Fondo de Inversion, Moneda Renta CLP Fondo de Inversion, Nordic Trustee ASA, Coöperatieve Rabobank U.A. and each and all of their current and former parents, owners, subsidiaries, affiliates, divisions, predecessors, successors, employees, managers, officers, directors, shareholders, partners, general partners, limited partners, members, agents, representatives, attorneys, accountants, consultants, independent contractors or any other person or entity acting, or purporting to act, with or on behalf of any of the foregoing.

14.  "Yáñez" means Amado Omar Yáñez Osuna and each and all of his current and former relatives, employees, partners, agents, representatives, attorneys, accountants, consultants, independent contractors or any other person or entity acting, or purporting to act, with or on behalf of any of the foregoing.

15.  "Pareto Securities AS" and "Pareto Shipbrokers AS" means and refers to Pareto Securities AS and Pareto Shipbrokers AS (formerly Pareto JGO Shipbrokers AS), respectively, and each and all of their current and former parents, owners, subsidiaries, affiliates, divisions, predecessors, successors, employees, managers, officers, directors, shareholders, partners, general partners, limited partners, members, agents, representatives, attorneys, accountants, consultants, independent contractors or any other person or entity acting, or purporting to act, with or on behalf of any of the foregoing.

## II.  INSTRUCTIONS

1.  Whenever necessary to bring within the scope of these requests any Documents that might otherwise be construed to be outside its scope, You shall construe: (a) the use of a verb

4

in any tense as the use of that verb in all other tenses; and (b) the use of the feminine, masculine, or neuter genders as including all genders.

2.       The use of the singular of any word includes the plural and vice versa as necessary so as to bring within the scope of a request all responses that might otherwise be construed to be outside of its scope.

3.       The use of any definition for the purposes of these requests shall not be deemed to constitute an agreement or acknowledgment on the part of Defendant that such definition is accurate, meaningful, or appropriate for any other purpose in this action.

4.       Each request shall be construed independently and without reference to any other document request for the purpose of limitation or exclusion.

5.       Unless otherwise indicated, the time period for each of the following requests is 1 January 2013 through 26 February 2016.

6.       All Documents shall be produced in the manner in which they are maintained in the usual course of business. A request for a document includes a request for any and all file folders or binders within which the document was contained, transmittal sheets, cover letters, exhibits, enclosures, or attachments to the document in addition to the document itself. The integrity and internal sequence of the requested Documents within each folder shall not be disturbed or commingled with the contents of another folder. All Documents should be stored, clipped, stapled, or otherwise arranged in the same form and manner as they were found.

7.       All Documents requested herein shall be produced in their entirety, along with any attachments, drafts, and non-identical copies, including copies that differ due to handwritten notes or other notes or markings.

8.      If objection is made to any particular request, state in Your response whether Documents are being withheld from production on the basis of such objection, or whether production of the responsive Documents will occur notwithstanding such objection.

9.      If, in responding to this request, You claim any ambiguity in a request for production of Documents, or in a definition or instruction applicable thereto, such claim shall not be utilized as a basis for refusing to respond, but You shall set forth as part of Your response the language deemed to be ambiguous and the interpretation used in responding to the request for production.

10.     If objection is made to a portion of any of the requests, You shall furnish Documents responsive to the remainder of that request.

11.     If there are no Documents responsive to a particular request, state so in Your response to that particular request.

## REQUESTS FOR PRODUCTION

1. **Request No. 1:** The written contract(s) between Pareto Securities AS and OSA pursuant to which Pareto Securities AS was engaged in connection with the 2013 Bond Issuance (the "2013 Engagement").

2. **Request No. 2:** The complete collection of materials prepared by Pareto Securities AS for distribution to solicit and update potential and actual trustees and investors in connection with the 2013 Bond Issuance between January 1, 2013 and February 28, 2014 (the "Pareto Materials"), including but not limited to:

   a. The 2013 Preliminary Offering Memorandum;

   b. The September 2013 Pareto Investor Presentation;

   c. The September 2013 Pareto Credit Analysis Presentation;

   d. The Pareto Credit Model;

   e. The Term Sheet and Revised Term Sheet; and

   f. Any Periodic Reports.

3. **Request No. 3:** All earlier drafts and later versions of the Pareto Materials, including track changes, redlines, and comments.

4. **Request No. 4:** Documents sufficient to identify all persons and entities to whom the Pareto Materials, any subsequent update presentations or reports, or any draft was sent or made available.

5. **Request No. 5:** All materials received from OSA, Citigroup, Citibank, Banamex or any other third parties that Pareto Securities AS relied upon or considered in preparing the Pareto Materials and maintained in its files associated with such materials, including but not limited to:

7

a. Any information concerning OSA's financial condition, including any reports or analyses received from any third party concerning OSA's financial condition;

b. Any financial projections for OSA and any underlying models or assumptions;

c. Any OSA invoices;

d. Any documents relating to the Cash Advance Facility, including any information concerning OSA's relationship with Citibank or Banamex in connection with the Cash Advance Facility; and

e. Any Pemex work estimates, authorizations, receivable schedules, or invoices provided to or reviewed by Pareto Securities AS.

6. **Request No. 6:** All non-privileged internal communications relating to:

a. OSA, or any report, analysis, or presentation concerning OSA, including but not limited to the Pareto Materials;

b. Citigroup, Citibank, and Banamex, with respect to any role they had with respect to OSA, the 2013 Bond Issuance, the Pareto Materials and the Mexican Trust Agreement; and

c. Nordic Trustee, or any other Plaintiff concerning OSA.

7. **Request No. 7:** All external communications between Pareto Securities AS and OSA, Citigroup, Citibank, Banamex, any Plaintiff in this action, or any other third party relating to the 2013 Bond Issuance, the Pareto Materials, the Mexican Trust Agreement, or any role of Citigroup, Citibank, or Banamex with respect to OSA, the 2013 Bond Issuance, the

Pareto Materials and the Mexican Trust Agreement, including any documents summarizing such communications or correspondence.

8. **Request No. 8:** Documents relating to the Mexican Trust Agreement, including but not limited to the Mexican Trust Agreement itself, any drafts thereof, and any correspondence or communications relating thereto.

9. **Request No. 9:** Documents sufficient to show all payments Pareto Securities AS received from or were owed related to work performed in connection with the 2013 Engagement.

10. **Request No. 10:** Any written contract(s) related to Pareto Shipbrokers AS's appointment by Norsk Tillitsmann AS (now Nordic Trustee AS) as broker for the sale of the vessel "OSA Goliath" in or around March 2014.

11. **Request No. 11:** Any documents from 1 January 2013 through 18 April 2022 received or prepared by Pareto Shipbrokers AS related to efforts to sell the OSA Goliath following the appointment of Pareto Shipbrokers AS as broker of the sale in or around March 2014.

12. **Request No. 12:** All materials received or prepared by Pareto Shipbrokers AS related to the valuation of the OSA Goliath.

13. **Request No. 13:** Documents sufficient to show the identity and residence of each OSA Bondholder as of February 28, 2014.

14. **Request No. 14:** Documents sufficient to show the identity of each nominee or custodian registered as a holder of OSA Bonds as of February 28, 2014.

15. **Request No. 15:** Documents sufficient to show the date, quantity, and price of each OSA Bondholder's transactions in OSA Bonds for the OSA Bondholders of record as of February 28, 2014.

16. **Request No. 16:** Documents relating to potential or contemplated transactions in OSA Bonds through February 28, 2014, including but not limited to records of bids, offers, trade confirmations, and clearing records relating to such potential or contemplated transactions.

## SCHEDULE B
## EXAMINATION TOPICS

All definitions and instructions from Schedule A are incorporated by reference here.  It is requested that the witness be prepared to answer questions related to the following topics:

1.  **Topic No. 1:** The 2013 Engagement, including the scope and terms of Pareto Securities AS's engagement by OSA to manage the 2013 Bond Issuance, and all payments Pareto Securities AS received or was owed in connection therewith.

2.  **Topic No. 2:** The Pareto Materials prepared by Pareto Securities AS for the 2013 Bond Issuance, including the basis for any statements about OSA's financial condition and the valuation of the vessel OSA Goliath contained therein, and the identity of all persons and entities to whom the Pareto Materials or any draft thereof was sent or made available.

3.  **Topic No. 3:** Pareto Securities AS's efforts to market the OSA Bonds to potential purchasers and any communications with potential purchasers, including but not limited to Plaintiffs in this action.

4.  **Topic No. 4:** Any role of Citigroup, Citibank, or Banamex in the 2013 Bond Issuance, including any information or documents Pareto Securities AS received from those entities relating to the 2013 Bond Issuance, the Mexican Trust Agreement, the Cash Advance Facility, or OSA.

5.  **Topic No. 5:** Communications between Pareto Securities AS and OSA relating to the Pareto Materials, the 2013 Bond Issuance, the Mexican Trust Agreement, the Cash Advance Facility, Citigroup, Citibank, or Banamex, including any information or documents Pareto received from OSA relating to those subjects.

6.  **Topic No. 6:** Communications between Pareto Securities AS and Citigroup, Citibank or Banamex relating to the Pareto Materials, the 2013 Bond Issuance, the Mexican Trust

11

Agreement, or the Cash Advance Facility, including any information or documents Pareto received from Citigroup, Citibank or Banamex relating to those subjects.

7. **Topic No. 7:** The Mexican Trust Agreement, including any documents received, reviewed, or prepared by Pareto Securities AS in connection therewith, and any communications with OSA, Citigroup, Citibank, Banamex, or Nordic Trustee relating thereto.

8. **Topic No. 8:** The Cash Advance Facility, including any information or documents received by Pareto Securities AS relating to OSA's relationship with Citibank or Banamex in connection with the Cash Advance Facility.

9. **Topic No. 9:** Pareto Shipbrokers AS's appointment as broker for the sale of the vessel OSA Goliath, including efforts to sell the vessel, any valuations thereof, and any documents received or prepared by Pareto Shipbrokers AS in connection therewith.

10. **Topic No. 10:** Bondholders as of February 28, 2014, including the identity and residence of each OSA Bondholder, the identity of each nominee or custodian registered as a holder of OSA Bonds, transactions and potential or contemplated transactions in OSA Bonds, and any communications between Pareto Securities AS and Bondholders.