**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**Miami Division**

**CASE NO. 1:16-cv-20725-GAYLES/TORRES**

**OTTO CANDIES, LLC, et al.,**

Plaintiffs,

v.

**CITIGROUP INC.,**

Defendant.

**LETTER ROGATORY PURSUANT TO THE HAGUE EVIDENCE CONVENTION TO OBTAIN DOCUMENTARY EVIDENCE FROM:**

**PROCURADURÍA GENERAL DE LA REPÚBLICA**

The United States District Court for the Southern District of Florida, in Miami-Dade County, United States of America, presents its compliments to the appropriate judicial authority of Mexico and requests international judicial assistance to obtain evidence to be used in a civil proceeding before this Court in the above-captioned matter.

This Court requests that the appropriate judicial authority of Mexico compel the production of documents from Procuraduría General de la República (now the Fiscalía General de la República, hereinafter "PGR"). The assistance described below is necessary in the interests of justice.

**1. Sender**

Hon. Darrin P. Gayles
Wilkie D. Ferguson, Jr. U.S. Courthouse
400 North Miami Avenue
Miami, Florida 33128
United States of America

**2. Central Authority of the Requested State**

Directorate-General of Legal Affairs, Ministry of Foreign Affairs
Plaza Juarez No. 20
Planta Baja Edificio Tlatelolco
Colonia Centro
Delegación Cuauhtémoc
C.P. 06010, Mexico, Distrito Federal

**3. Persons to Whom Executed Request Is to Be Returned**

Juan P. Morillo
Gabriel F. Soledad
David H. Needham
Quinn Emanuel Urquhart & Sullivan, LLP
555 13th Street NW, Suite 600
Washington, D.C. 20004
Telephone: (202) 538-8000
juanmorillo@quinnemanuel.com
gabrielsoledad@quinnemanuel.com
davidneedham@quinnemanuel.com

**4. Date by Which Requesting Authority Requires Response to the Letter of Request**

This Court requests receipt of a response to this request as soon as reasonably practicable, consistent with your calendar and the laws of Mexico.

**In conformity with Article 3 of the Convention, the undersigned applicant has the honor to submit the following request:**

**5. Background Information**

**A. Requesting Judicial Authority**

United States District Court, Southern District of Florida
Wilkie D. Ferguson, Jr. U.S. Courthouse
400 North Miami Avenue
Miami, Florida 33128
United States of America

**B. To the Competent Authority of**

Ciudad de Mexico, Mexico

### C. Case Name and Number

*Otto Candies, LLC, et al. v. Citigroup Inc.*, Case No. 16-cv-20725-GAYLES-TORRES (S.D. Fla. 2016).

## 6. Identities of the Parties and Their Representatives

A lawsuit is currently pending in the United States District Court for the Southern District of Florida, in Miami-Dade County, between the Plaintiffs listed below and Defendant Citigroup Inc. The addresses of these parties and their counsel are as follows:

### A. Plaintiffs

Plaintiffs

Otto Candies, LLC

Adar Macro Fund Ltd.

Ashmore Emerging Markets Debt and Currency Fund Limited,
Ashmore Emerging Markets High Yield Plus Fund Limited,
Ashmore Emerging Markets Tri Asset Fund Limited,
Ashmore SICAV in Respect of Ashmore SICAV Emerging Markets Corporate Debt Fund,
Ashmore SICAV in Respect of Ashmore SICAV Emerging Markets Debt Fund,
Ashmore SICAV in Respect of Ashmore SICAV Emerging Markets High Yield Corporate Debt Fund,

Coastline Maritime Pte. Ltd.
Marfield Ltd. Inc.,
Shanara Maritime International S.A.,

Coöperatieve Rabobank U.A.

Copernico Capital Partners (Bermuda) Ltd.

Gulf Investments and Services Ltd.

Halani International Ltd.

HBK Investments L.P.,
HBK Master Fund L.P.,

Hoop Lobith International B.V.,

Shipyard De Hoop B.V.

Máquinas Diesel S.A. de C.V.

Moneda Deuda Latinoamericana Fondo de Inversión,
Moneda International Inc.,
Moneda Latin American Corporate Debt,
Moneda Renta CLP Fondo de Inversión,
Moneda S.A. Administradora General de Fondos,
Padstow Financial Corp.,

Nordic Trustee AS

Waypoint Asset Management LLC

Counsel for Plaintiffs

QUINN EMANUEL URQUHART & SULLIVAN, LLP

Juan P. Morillo
Gabriel F. Soledad
Derek L. Shaffer
Lauren H. Dickie
David H. Needham
555 13th Street NW, Suite 600
Washington, D.C. 20004
Telephone: (202) 538-8000
juanmorillo@quinnemanuel.com
gabrielsoledad@quinnemanuel.com
derekshaffer@quinnemanuel.com
laurendickie@quinnemanuel.com
davidneedham@quinnemanuel.com

Laura N. Ferguson
2601 S. Bayshore Dr., Ste. 1550
Miami, FL 33133
Telephone: (305) 402-4880
lauraferguson@quinnemanuel.com

Samantha I. Gillespie
295 Fifth Avenue, 9th Floor
New York, NY 10016
Telephone: (212) 849-7000
samanthagillespie@quinnemanuel.com

Vasundhara Ziemba-Prasad

111 Huntington Ave, Suite 520
Boston, MA 02199
(617) 712-7100
vasundharaprasad@quinnemanuel.com

HOMER BONNER JACOBS ORTIZ, P.A.
Peter W. Homer
Gregory J. Trask
Kevin P. Jacobs
1200 Four Seasons Tower
1441 Brickell Avenue
Miami, Florida 33131
Telephone: (305) 350-5100
phomer@homerbonner.com
gtrask@homerbonner.com
kjacobs@homerbonner.com

**B. Defendant Citigroup Inc.**

Defendant Citigroup Inc.

Citigroup, Inc.
388 Greenwich Street
New York, NY 10013
USA

Counsel for Defendant

Adam S. Hakki
John Nathanson
ALLEN OVERY SHEARMAN STERLING US LLP
599 Lexington Avenue
New York, New York 10022
Tel: (212) 848-4000
adam.hakki@aoshearman.com
john.nathanson@aoshearman.com

Michael P. Mitchell
ALLEN OVERY SHEARMAN STERLING US LLP
1101 New York Avenue, NW
Washington, D.C. 20005
Tel: (202) 508-8000
michael.mitchell@aoshearman.com

Manuel A. Garcia-Linares
DAY PITNEY LLP
396 Alhambra Circle, 14th Floor
Miami, Florida 33134
(305) 373-4000
mgarcialinares@daypitney.com
gthompson@daypitney.com

**C. Other Parties**

None.

**7. Description of the Case**

**A. Nature of the Proceedings**

This is a civil lawsuit involving allegations of violations of the Racketeer Influenced and Corrupt Organizations Act (the "RICO statute") at 18 U.S.C. § 1961, fraud, conspiracy, aiding and abetting fraud, and vicarious liability for fraud.

**B. Summary of Complaint and Defenses Thereto**

The case involves a dispute between Otto Candies, LLC, et al. ("Plaintiffs") and Citigroup Inc. ("Defendant"). Plaintiffs allege that Defendant, through its U.S.-based Institutional Clients Group ("ICG") and Mexican subsidiary Banco Nacional de México S.A. ("Banamex"), conspired with Oceanografía, S.A. de C.V. ("OSA") to orchestrate a fraudulent scheme utilizing a cash advance facility that Banamex established for OSA and that Plaintiffs allege was operated, managed, and supervised by the ICG, wherein OSA submitted false documents containing forged Pemex signatures to the ICG in support of cash advance requests relating to work purportedly performed by OSA for Pemex, Mexico's state-owned oil and gas company and OSA's only customer, and Citigroup, through the ICG, knowingly approved the false documentation and earned interest on the cash advances. Plaintiffs are creditors of OSA, holders of bonds issued by OSA in 2008 and 2013, shipping and supplier companies that contracted with OSA, and a bank (Coöperatieve Rabobank U.A.) that provided a loan to OSA.

Plaintiffs allege, among others, that Defendant made fraudulent misrepresentations and material omissions to Plaintiffs regarding OSA's financial condition, resulting in damages exceeding $1 billion upon OSA's collapse in 2014.

Defendant denies all allegations of misconduct and asserts that it was a victim of OSA's fraud. Defendant denies that it knew of OSA's fraud, denies that it orchestrated a fraudulent scheme, denies that it knowingly approved false documentation, denies that it made any fraudulent misrepresentations or material omissions, denies that it aided and abetted in making any fraudulent misrepresentations or material omissions, and denies that Plaintiffs reasonably relied on any statements made by Defendant, including because Plaintiffs had independent access to information about OSA's financial condition.

Copies of the operative Third Amended Complaint, which sets forth Plaintiffs' allegations in full, are submitted together with this request. Citigroup has not yet filed an Answer.

**8. Evidence to be Obtained**

It is requested in the interests of justice, and to enable this Court to determine the issues pending before it, that the appropriate judicial authority of Mexico compel, by its proper and usual process, the production of documents from PGR. This evidence is material and necessary to the matter pending before this Court. PGR was the primary Mexican government entity involved in the criminal investigations of Banamex's cash advances to OSA and eventual prosecutions of OSA employees. Plaintiffs reasonably expect that PGR possesses critical information regarding, among other matters, conduct by Amado Yáñez Jr., the manager and controlling shareholder of OSA, as well as other Citigroup/Banamex employees in connection with cash advances to OSA. This information is expected to include, but is not limited to, arrest warrants and supporting affidavits, applications for such warrants, evidence submitted in support thereof, and court orders authorizing the warrants.

The specific document requests are set forth in Schedule A, attached hereto.

Furthermore, pursuant to article 10 of the Hague Convention, this Court requests and gives the appropriate judicial authority the necessary capacity to impose any enforcement measures applicable under the procedural laws of Mexico, which suffice to ensure that PGR complies with the production of documents referred to herein.

**9. Identity and Addresses of Person to Be Examined or Person From Whom Documents Are Requested**

Dr. Velasco 175,
Colonia Doctores,
Alcaldía Cuauhtémoc
06720, Ciudad de Mexico,
Mexico

**10. Documents or Other Property to Be Inspected**

Please see Schedule A, attached.

**11. Any Requirement that the Evidence Be Given on Oath or Affirmation and Any Special Form to Be Used**

Not applicable. This request seeks documentary evidence only.

**12. Special Methods or Procedures to Be Followed**

**A. Confidentiality**

This Court orders that the evidence produced pursuant to your enforcement of this request shall not be used by anyone in any manner or proceeding other than in this matter, *Otto Candies, LLC, et al. v. Citigroup Inc.*, Case No. 16-cv-20725-GAYLES-TORRES, pending in the United States District Court for the Southern District of Florida.

**B. Participation by Local Counsel**

Not applicable. The Parties do not have local counsel in Mexico.

**13. Request for Notification of the Time and Place for the Execution of the Request**

Please send notice of the time and place of the production of documents to this Court and the parties' counsel as follows:

Hon. Darrin P. Gayles
U.S. District Court, Southern District of Florida
Wilkie D. Ferguson, Jr. U.S. Courthouse
400 North Miami Avenue
Miami, Florida 33128
United States of America

Juan P. Morillo
Gabriel F. Soledad
David H. Needham
QUINN EMANUEL URQUHART & SULLIVAN, LLP
555 13th St. NW, Suite 600
Washington, DC 20004
Telephone: (202) 538-8000
juanmorillo@quinnemanuel.com
gabrielsoledad@quinnemanuel.com
davidneedham@quinnemanuel.com

Adam S. Hakki
John Gueli
John Nathanson
ALLEN OVERY SHEARMAN STERLING US LLP
599 Lexington Avenue
New York, New York 10022
Tel: (212) 848-4000
adam.hakki@aoshearman.com
jgueli@aoshearman.com
john.nathanson@aoshearman.com

Michael P. Mitchell
ALLEN OVERY SHEARMAN STERLING US LLP
1101 New York Avenue, NW
Washington, D.C. 20005
Tel: (202) 508-8000
michael.mitchell@aoshearman.com

Manuel A. Garcia-Linares
DAY PITNEY LLP
396 Alhambra Circle, 14th Floor
Miami, Florida 33134
(305) 373-4000

mgarcialinares@daypitney.com
gthompson@daypitney.com

**14. Request for Attendance or Participation of Judicial Personnel**

No attendance or participation of judicial personnel is requested.

**15. Specification of Privilege or Duty to Refuse to Give Evidence Under the Law of the State of Origin**

PGR may assert any privilege or duty to refuse to produce documents that is recognized under the laws of the United States or the laws of Mexico.

**16. Reimbursements of Fees and Costs**

Plaintiffs are willing to reimburse the appropriate judicial authority of Mexico for costs incurred in executing the special procedures requested.

**17. Reciprocity**

This Court appreciates the judicial authority's assistance in obtaining evidence in this matter. This Court is willing to provide similar assistance to judicial authorities in Mexico should a judicial authority in Mexico so require.

WITNESS, the Honorable Darrin P. Gayles: District Judge in the United States District Court for the Southern District of Florida, County of Miami-Dade, and the seal thereof:

Dated: 08/17/26

**DARRIN P. GAYLES**
**UNITED STATES DISTRICT JUDGE**

## SCHEDULE A

## DOCUMENT REQUESTS TO PROCURADURÍA GENERAL DE LA REPÚBLICA

## DEFINITIONS AND INSTRUCTIONS

As used herein, the words and phrases set out below shall have the following meanings:

## I. DEFINITIONS

"Banamex" means Defendant Citigroup's Mexican subsidiary Banco Nacional de Mexico S.A., Grupo Financiero Banamex S.A. de C.V., their affiliates, and any person or entity acting, or purporting to act, on their behalf.

"Cash Advance Facility" means any cash advance facility pursuant to which OSA obtained cash advances from Banamex or Citigroup based on receivables from contracts between OSA and Pemex.

"Citibank" means Citibank, N.A. and any person or entity acting, or purporting to act, on its behalf.

"Citigroup" means Citigroup Inc., its affiliates, including but not limited to Banamex and Citibank, and any person or entity acting, or purporting to act, on its behalf.

"CNBV" means Comisión Nacional Bancaria y de Valores (the National Banking and Securities Commission of Mexico), or any successor entity, and includes all of its departments, divisions, offices, agents, representatives, and employees acting within the scope of their authority.

"Document" is used in its broadest sense and means, without limitation, written, typed, printed, electronic, graphic or otherwise recorded material of any kind, however produced or reproduced, whether different because of notes made thereon or otherwise, including but not limited to, and by way of example only, any advertisement, agreement, analysis, book, brochure, calendar, chart, check (front and back) or check stub, checklist, contract, cost sheet, database information,

diary, electronic file, email, facsimile, filing, financial report, graph, guideline, handbook, index, instant message, invoice, ledger, letter or other correspondence, license, log, memorandum, microfilm, minutes, motion picture film, notebook, notes (handwritten, typed or otherwise), opinion, pamphlet, paper, picture, photograph, plan, policy, procedure, press release, purchase order, receipt, recording, report, statement, study, submission, summary, tabulation, talking points, tape recording, task list, telegram, telephone call record, text message, thing, timesheet, transcript of a telephone conversation, transcript of testimony, travel record, video, voice message or recording, work paper, data compilation, including but not limited to computer data stored on a USB drive, external hard drive, compact disc, computer disk or other memory unit containing such data from which information can be obtained or translated into usable form, translations or summaries of foreign language documents and all similar recorded material.

"Entity" means all corporations, associations, partnerships, joint ventures, companies, funds, trusts, limited liability companies, limited liability partnerships, any government or regulatory authority, and all other forms of incorporated and unincorporated organizations that are not natural persons.

"Oceanografía" or "OSA" means Oceanografía, S.A. de C.V. and each and all of its current and former parents, owners, subsidiaries, affiliates, divisions, predecessors, successors, employees, managers, officers, directors, shareholders, partners, general partners, limited partners, members, agents, representatives, attorneys, accountants, consultants, independent contractors or any other person or entity acting, or purporting to act, with or on behalf of any of the foregoing, including Amado Yáñez.

"Pemex" means Petróleos Mexicanos S.A. and any person or entity acting, or purporting to act, on its behalf.

"Person" means any natural person or any business, legal or governmental entity or association.

"PGR" or "You" or "Your" means Procuraduría General de la República, the former name for Fiscalía General de la República, and includes all of its departments, divisions, offices, agents, representatives, and employees acting within the scope of their authority.

"Relating to" or "Related to" mean to any extent addressing, assessing, comprising, concerning, constituting, construing, containing, discussing, embodying, evidencing, identifying, implying, including, indicating, interpreting, being involved in, prepared in connection with, used in preparation for, referring to, reflecting, regarding, being relevant to, setting forth, showing, stating, suggesting or being in any way legally, logically or factually concerned with or pertinent to, directly or indirectly, in whole or in part, the matter described, referred to or discussed.

## II. INSTRUCTIONS

The terms "and" and "or" shall be construed either disjunctively or conjunctively as necessary so as to bring within the scope of a Request all responses that might otherwise be construed to be outside of its scope.

The use of the singular of any word includes the plural and vice versa as necessary so as to bring within the scope of a Request all responses that might otherwise be construed to be outside of its scope.

The use of the past tense includes the present tense unless otherwise explicitly delimited. Terms that are defined above shall have the meanings provided above whether or not they are capitalized.

The documents shall be produced as they are kept in the ordinary course of business and shall be organized so that the parties can ascertain the files in which the documents were located, their relative order in such files, and how such files were maintained.

If any portion of any document is responsive to any request, the entire document shall be produced. If any requested document cannot be produced in full, produce the document to the extent possible, specifying each reason for your inability to produce the remainder, and stating whatever information, knowledge, or belief you have concerning the portion not produced.

If any document requested herein is withheld based upon a claim of privilege, state as to each such document: (i) the privilege asserted and its basis; (ii) the nature of the document withheld; (iii) the date of the document; (iv) the identity of the author; (v) the identity of each recipient of the document or a copy thereof; and (vi) the general subject matter of the document.

When only a portion of a document is believed to be privileged, the non-privileged portion shall be produced with the allegedly privileged portion redacted and indicated as such.

The timeframe for these Requests shall be between January 1, 2008, through present.

**REQUESTS FOR DOCUMENTS FROM THE PGR**

**Request No. 1:** The criminal investigation files concerning: (1) former Banamex and/or Citigroup employees Erik Cervantes-Murillo, Emilio Gonzalo Granja Gout, and Alfonso Gerardo Ortega Brehm opened on or around February 28, 2014; (2) Oceanografía's former CEO Amado Omar Yáñez Osuna; and (3) former Oceanografía employees Jorge Terán Vanoye, Juan Carlos Tapia Cárdenas, Alberto Duarte Martínez, and Joaquín García Gómez.

**Request No. 2:** Documents concerning arrest warrants, issued on March 1, 2014, against former Banamex and/or Citigroup employees Erik Cervantes-Murillo, Emilio Gonzalo Granja Gout, and Alfonso Gerardo Ortega Brehm, including the (1) arrest warrants and supporting affidavits; (2) applications for the arrest warrants; (3) evidence in support of the arrest warrants; and (4) court orders authorizing the arrest warrants.

**Request No. 3:** Documents concerning the arrest warrant issued against Oceanografía's former CEO Amado Omar Yáñez Osuna on or around October 28, 2014, including the (1) arrest warrant and supporting affidavit; (2) application for the arrest warrant; (3) evidence in support of the arrest warrant; and (4) court order authorizing the arrest warrant.

**Request No. 4:** Investigative reports, findings, or conclusions produced by the PGR concerning Banamex's and/or Citigroup's role in the fraudulent cash advance scheme with Oceanografía.

**Request No. 5:** Documents concerning Your determination that certain Banamex and/or Citigroup employees may have violated the law in connection with OSA's fraud, including (1) investigative findings; (2) witness statements from Banamex and/or Citigroup employees; (3) expert reports or analyses; and (4) forensic accounting or document examination reports.

**<u>Request No. 6</u>:** Communications between You and Banamex, Citigroup, and/or their representatives between February 1, 2014 and December 31, 2015 concerning (1) the criminal investigation; (2) document production requests and responses; (3) interview requests and scheduling; and (4) settlement or cooperation discussions.

**<u>Request No. 7</u>:** Documents provided to You by Pemex concerning (1) Oceanografía's contracts with Pemex; (2) Pemex's verification (or non-verification) of documents Oceanografía submitted to Banamex and/or Citigroup; (3) payments Pemex made to Banamex and/or Citigroup on Oceanografía's invoices; and (4) communications between Pemex and Banamex and/or Citigroup regarding the Cash Advance Facility.

**<u>Request No. 8</u>:** Documents related to the March 1, 2014 seizure of Oceanografía and its assets, which were placed under the control of the Servicio de Administración y Enajenación de Bienes ("SAE"), including (1) Banamex's request to the PGR for seizure; (2) the seizure request submitted to the SAE; (3) orders placing Oceanografía under government control; and (4) inventories of seized assets.

**<u>Request No. 9</u>:** Documents provided to You by Banamex, Citigroup, and/or their representatives in or around March 2014 showing approximately 223 cash advance requests from Oceanografía to Banamex and/or Citigroup totaling approximately USD 750 million.

**<u>Request No. 10</u>:** Documents concerning Jesús Murillo Karam's testimony before the Mexican Senate on June 20, 2014, including the (1) prepared testimony or statements; (2) supporting materials provided to the Senate; and (3) transcript of the testimony.

**<u>Request No. 11</u>:** All referrals received from CNBV concerning potential criminal wrongdoing by Banamex and/or Citigroup employees related to the Oceanografía Cash Advance Facility, including (1) the April 29, 2014 CNBV report identifying ten Banamex and/or Citigroup

employees as having potentially violated Mexican criminal law; (2) supporting evidence submitted by CNBV; and (3) PGR's analysis or response to the CNBV referral.